## HECKMAN v. BACH.

*N. Y. City Court, Special Term; December*, 1887.

1. *Supplementary proceedings; examination of third party; witness' fees.*] A third party who is required, by order made in proceedings supplementary to execution, to attend and submit to an examination as to property in his possession belonging to the judgment debtor, is not entitled to be paid a witness' fee as a condition to his obedience to the order.

In proceedings supplementary to execution against defendant Bach, an order was made requiring a third person to attend before the judge and submit to an examination as to property of the judgment debtor alleged to be in his possession.

Upon the return day counsel for the third party raised a preliminary objection that no witness' fee had been paid when the order was served.

McADAM, Ch. J.—The order requiring the third person to attend and submit to an examination as to property in his possession belonging to the judgment debtor, is in the nature of a special proceeding commenced against such person commanding him to appear (*Code Civ. Pro.* §§ 2441, 2433).

Section 2452 prescribes the mode of serving the order, but there is nothing in this or any other section of the Code requiring the judgment creditor to pay the third person a witness fee as a condition to his obedience to the order

The different sections of the act discriminate between a mere witness required to attend upon subpœna, and a person commanded to appear by order. The witness served with the subpœna is entitled to the usual witness fee (*Code Civ. Pro.* § 3318), but the person proceeded against by order is so far regarded as a party to the special proceeding (see Corning v. Tooker, 5 *How. Pr.* 16), that the court, in its discretion, may award him costs not exceeding $30 in amount, in all cases in which no property is discovered.

This being the only section applicable to costs or fees, the objection of the third person to the non-payment of a witness fee will be overruled, and the examination ordered to proceed.