JOHN M. JONES et al., as Executors of, and Trustees under, the Will of MORGAN JONES, Deceased, Respondents, *v.* MARGARET T. REILLY et al., Defendants, and HANNAH R. ROCKWELL et al., Appellants.

1. SUMMARY PROCEEDINGS — WHEN ACTION IN SUPREME COURT MAY BE REGARDED AS ONE IN EJECTMENT. Where a summary proceeding to dispossess a tenant for non-payment of rent, instituted in the District Court of the city of New York, was discontinued upon the erroneous supposition that the court was ousted of jurisdiction because the defend-

ant interposed an answer involving the title of the premises in question and with it tendered the bond required by section 2952 of the Code of Civil Procedure, and a subsequent action was commenced in the Supreme Court with substantially the same pleadings, that court has jurisdiction thereof notwithstanding it was commenced upon the erroneous supposition that the District Court had lost jurisdiction, since the Supreme Court has the right to treat it as an action of ejectment, and any error in the form of the verdict, or the judgment entered thereon, should be corrected by motion in that court.

2. APPEAL — WHEN OBJECTION THAT ACTION OF EJECTMENT CANNOT BE MAINTAINED FOR NON-PAYMENT OF RENT CANNOT BE CONSIDERED BY COURT OF APPEALS. The objection that an action of ejectment cannot be maintained for non-payment of rent where the lease reserved to the landlord no right of re-entry in case of default and contained no provision that in such contingency the lease should determine, cannot be considered by the Court of Appeals where no motion was made at the trial to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action; the court is also precluded from examining the correctness of the denial of a motion for a nonsuit, made at the close of the evidence, by a unanimous affirmance of the Appellate Division, which imports that there was evidence sufficient to sustain the verdict.

3. EVIDENCE — PRIVILEGE OF COUNSEL — ATTORNEY MAY BE REQUIRED TO PRODUCE PAPERS OF CLIENT WHEN IN HIS POSSESSION. Upon the question whether the ancestor of tenants was in possession of the premises in question under a lease from plaintiffs' ancestor and as their tenant, the counsel for the tenants may be required by a subpœna *duces tecum* to produce the lease claimed to be signed by tenants' ancestor, and upon proof of his signature thereto the lease may be offered in evidence, and such procedure is not an invasion of the privilege of counsel, since under such circumstances an attorney or counsel is obliged to produce any instruments of his client which the latter could have been compelled to produce.

4. PARTY INTERESTED IN EVENT NOT COMPETENT WITNESS TO PROVE PAYMENT OF RENT BY DECEASED ANCESTOR OF TENANTS. Where the only issue in the case was whether defendants' deceased ancestor was the tenant of plaintiffs' ancestor, and the testimony upon the question whether the signature of defendants' ancestor upon the lease was genuine was conflicting and evenly balanced, one of the plaintiffs, being an interested party, is not a competent witness to the fact that he had been paid rent by defendants' ancestor up to a certain time and that no rent had been paid to him thereafter; it is error to admit his testimony upon the ground that it did not necessarily imply that he received it from the deceased, and such error cannot be disregarded since evidence that, subsequently to the date of the alleged lease, rent was paid by defendants' ancestor would strongly tend to prove the authenticity of the lease.

5. WHEN SUBPŒNA DUCES TECUM AND PROOF OF SERVICE THEREOF MAY NOT BE READ IN EVIDENCE. Where no evidence was produced that

any receipts for rent had been given and no attempt was made to prove their contents and the plaintiffs had served upon the defendants a subpœna requiring the production of a number of receipts for rent, it is error to permit such subpœna, with proof of service thereof, to be read in evidence, since the effect on the jury of the recital of such a number of receipts, the existence of none of which was actually proved, may have been prejudicial to the defendants.

6. DEEDS OF PREMISES IN QUESTION AND ASSERTIONS OF TITLE BY TENANT NOT ADMISSIBLE IN EVIDENCE TO DISPUTE LANDLORD'S TITLE. Notwithstanding the tenant was in possession of the premises before the lease was made, his heirs at law are estopped from disputing the title of the landlord unless the tenant was induced to take the lease by force, fraud, misrepresentation, or possibly by mistake, and, thereefore, deeds of the premises made by the tenant, and assertions of ownership made by him, at the time of the alleged lease, are inadmissible in evidence.

*Jones* v. *Reilly,* 68 App. Div. 116, reversed.

(Argued February 18, 1903; decided March 6, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 3, 1902, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clarence L. Barber* and *George Putnam Smith* for Hannah R. Rockwell, appellant. This proceeding was a summary proceeding to dispossess a tenant. As such it should have been dismissed for want of jurisdiction. The Appellate Division had no power to convert it into, or consider it as, an action in ejectment. (*Snider* v. *Snider,* 160 N. Y. 151; *Stephens* v. *M. B. Co.,* 160 N. Y. 178; *G., etc., R. R. Co.* v. *N. Y. C. & H. R. R. R. Co.,* 163 N. Y. 228.) This being a summary proceeding the Supreme Court possessed no jurisdiction to entertain it, and the final order entered therein is void. (Code Civ. Pro. §§ 2234, 2951, 2958; *Jessup* v. *Carnegie,* 80 N. Y. 451; *Dorschel* v. *Burkly,* 18 Misc. Rep. 240; *Sage* v. *Crosby,* 33 Misc. Rep. 117; *Quinn* v. *Quinn,* 46 App. Div. 242; *People* v. *Goldfogle,* 23 Civ. Pro. Rep. 417; *C. C. Bank* v. *Judson,* 8 N. Y. 254; *Matter of Walker,* 136 N. Y. 20; *Beardslee* v. *Dolge,* 143 N. Y. 165; *Burk* v.

*Ayers,* 19 Hun, 24; *Davidsburgh* v. *Ins. Co.,* 90 N. Y. 526.) The trial court erred in refusing to permit the defendants to prove title in themselves in the absence of proof of title in fee by the plaintiffs, and in holding that the only question was whether the defendants' ancestor Henderson had executed a lease and paid rent, and that if he did the defendants were estopped. (*Clark* v. *Owens,* 18 N. Y. 434; 2 McAdam on Landl. & Ten. 1341; *Jackson* v. *Leek,* 12 Wend. 105; *Williams* v. *Bartholomew,* 1 B. & P. 326; *Rogers* v. *Pitcher,* 6 Taunt. 202; *Elliott* v. *Smith,* 23 Penn. St. 131; *Watson* v. *Lane,* 34 Eng. L. & Eq. 532; *Tilyou* v. *Reynolds,* 102 N. Y. 563; *Jackson* v. *Spear,* 7 Wend. 400; *Glen* v. *Gibson,* 9 Barb. 640.) Neither the complaint nor the evidence established any cause of action in ejectment for non-payment of rent, assuming that the lease was proven and that defendants have made default in the payment of rent, for the lease contained no express clause reserving the right of re-entry before the expiration of the term for condition broken. (Sedgwick & Wait on Trial of Title to Land, §§ 350, 370; *De Lancey* v. *Ganong,* 9 N. Y. 25; *Kelly* v. *Varnes,* 52 App. Div. 103; *Matter of Guaranty Co.,* 52 App. Div. 140; *Miller* v. *Levy,* 44 N. Y. 493; *Beach* v. *Nixon,* 9 N. Y. 35; *Horton* v. *N. Y. C. & H. R. R. R. Co.,* 12 Abb. N. C. 30; *Jackson* v. *McClannan,* 8 Cow. 295.) The trial court erred in admitting illegal evidence, in excluding competent evidence as to title, and in charging the jury as to the effect of the evidence. (*Richardson* v. *Emmett,* 170 N. Y. 420.) The testimony of the plaintiff Jones, that the deceased Henderson had paid rent under the alleged lease, was admitted in violation of section 829 of the Code of Civil Procedure. (*Richardson* v. *Emmett,* 170 N. Y. 420.) Compelling the defendants' attorney to produce a copy of the alleged lease received for his client and the admission of a subpœna *duces tecum* served on the defendants' attorneys, and the reading to the jury of a long list prepared by the plaintiffs' attorney, purporting to be of dates of receipts of rent extending from 1886 to 1894, none of which were proven at any time during

the trial to have been given or to have existed, was illegal. (Whart. on Ev. § 585; Weeks on Attys. § 163; *Crosby* v. *Berger*, 11 Paige, 377; *Brant* v. *Klein*, 17 Johns. 335; *Coveney* v. *Tannahill*, 1 Hill, 33; *Grim* v. *Hamál*, 2 Hilt. 434; *Rogers* v. *Van Hoesen*, 12 Johns. 221; *Gorham* v. *Gale*, 7 Cow. 739.)

*James E. Chandler* for George H. Brooke, appellant. The Trial Term had no jurisdiction over the subject-matter, as the issue before it was a summary proceeding to dispossess a tenant for non-payment of rent. (Code Civ. Pro. §§ 2951–2958; *Dorschel* v. *Burkly*, 18 Misc. Rep. 240; *Sage* v. *Crosby*, 33 Misc. Rep. 117; *Quinn* v. *Quinn*, 46 App. Div. 242; *People* v. *Goldfogle*, 23 Civ. Pro. Rep. 417; *Matter of White*, 12 Abb. [N. C.] 349; *Jessup* v. *Carnegie*, 80 N. Y. 451; *Burk* v. *Ayres*, 19 Hun, 24; *Davidsburgh* v. *Ins. Co.*, 90 N. Y. 530; *Chemung Bank* v. *Judson*, 8 N. Y. 259.) The Appellate Division was bound by the theory adopted by the parties and the trial justice in the Trial Term. Even if the appellate court could convert the proceeding into an action of ejectment there were no facts on which it could be maintained. (*G. & W. R. R. Co.* v. *N. Y. C. & H. R. R. R. Co.*, 163 N. Y. 233; *Stephens* v. *Meriden Co.*, 160 N. Y. 185; *Rundle* v. *Gordon*, 27 App. Div. 459; *Clark* v. *Owens*, 18 N. Y. 439; *Snyder* v. *Guthrie*, 21 Hun, 341.) The court erred in admitting the testimony of plaintiff John M. Jones as to payments of rent by decedent Henderson. (Code Civ. Pro. § 829; *Richardson* v. *Emmett*, 170 N. Y. 419; *Clift* v. *Moses*, 112 N. Y. 426.) The court erred in compelling defendants' attorney to deliver up papers which had been confided to him by his clients. (*Coveney* v. *Tannahill*, 1 Hill, 33; *Crosby* v. *Berger*, 11 Paige, 377; *Brandt* v. *Klein*, 17 Johns. 335; Whart. on Ev. § 585; Weeks on Attorneys, § 163.) The court erred in allowing an amendment to the complaint which added a new cause of action. (Code Civ. Pro. § 2957; *Rundle* v. *Gordon*, 27 App. Div. 454; *Wilgus* v. *Wilkinson*, 50 App. Div. 1.)

*Richard T. Greene* and *John M. Jones* for respondents. The Supreme Court had jurisdiction of the action. The allegations of the complaint were sufficient to sustain the action; or if insufficient they were supplied by the answers or cured by the verdict. (Code Civ. Pro. §§ 721, 722; *La Rue* v. *Smith*, 153 N. Y. 431; *Kelly* v. *Varnes*, 52 App. Div. 100; *Beach* v. *Nixon*, 9 N. Y. 35; *Pennoyer* v. *Brown*, 13 Abb. [N. C.] 82; *Kramer* v. *Amberg*, 15 Daly, 205; *Kramer* v. *Amberg*, 53 Hun, 427.) As an action of ejectment the action was properly determined. (*Wood* v. *Staniels*, 3 Code Rep. 152; 2 McAdam on Landl. & Ten. [3d ed.] §§ 421, 423; *Whiting* v. *Edmunds*, 94 N. Y. 314; *Barnard* v. *Simms*, 42 Barb. 304.) It was proper to compel Mr. Chandler to produce the lease. (*Mitchell's Case*, 7 Abb. Pr. 96; 29 Barb. 622; 12 Abb. Pr. 249; Stephen's Digest, 208.) The various exceptions to the admission of evidence under section 829 of the Code of Civil Procedure were not well taken. (*Hobart* v. *Hobart*, 62 N. Y. 80; *Simmons* v. *Havens*, 101 N. Y. 427.)

CULLEN, J. The plaintiffs, claiming to be the landlords, instituted summary proceedings in a District Court in the city of New York to dispossess one Andrew Henderson from certain premises in said city for non-payment of rent. In the proceeding Henderson made answer, alleging that Hannah R. Rockwell was the owner in fee of said premises and in possession of them, and that the trial of the proceeding would necessarily involve the title to said real property. With his answer he tendered the bond required by section 2952 of the Code of Civil Procedure. Both parties erroneously assumed that the answer of the tenant ousted the District Court of jurisdiction. Thereupon the plaintiffs brought this action in the Supreme Court. The alleged tenant, Andrew Henderson, having died, his heirs at law were made parties defendant. One of such defendants, Hannah R. Rockwell, claimed title by deed executed to her by said Andrew Henderson. George H. Brooke, to whom said Rockwell had mortgaged the premises, was sub-

sequently made a defendant upon his own application. The complaint alleged ownership in fee by the plaintiff's predecessor in title, Annie E. Jones; a lease from her to Andrew Henderson, before mentioned, a copy whereof was annexed to the complaint and made a part thereof; default in payment of the rent reserved; the death of said Henderson and that the defendants were his heirs at law. Apparently, on the theory that the summary proceedings had been removed from the District Court by the answer and bond of the tenant, judgment was prayed that a final order be issued to remove the tenant from possession of the premises and that the plaintiffs have such other relief as might be just. The answers of the defendants were substantially a general denial. The defendant Rockwell also set up title in herself. The plaintiffs recovered a verdict at Trial Term, on which a judgment was rendered, awarding them the delivery of the premises described in the complaint and ordering that a warrant issue to remove the defendants from said premises and to put the plaintiffs in possession thereof. That judgment was unanimously affirmed by the Appellate Division.

The first point raised on this appeal is that the answer and bond of the tenant did not deprive the District Court of jurisdiction and that there was no authority for the removal of the proceeding to the Supreme Court. This contention is, doubtless, correct. But the plaintiffs did bring an action in the Supreme Court, and the fact that the action was instituted on the erroneous supposition that the District Court had lost jurisdiction of the summary proceedings does not affect the jurisdiction of the Supreme Court to entertain the action. (*La Rue* v. *Smith*, 153 N. Y. 431.) The learned Appellate Division were, therefore, right in treating it as an action of ejectment and disregarding the previous proceedings in the District Court. Any objection to the form of the verdict should have been made at the trial. (*Brigg* v. *Hilton*, 99 N. Y. 517.) Any informality in the judgment should have been corrected by motion.

It is next objected that ejectment cannot be maintained for

non-payment of rent, for the lease reserved to the landlord no right of re-entry in case of such default and no provision that in such contingency the lease should determine. This contention is probably correct (*Delancey* v. *Ganong*, 9 N. Y. 25), but the appellants are in no position to raise it in this court. No motion was made at the trial to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Had such a motion been made and overruled that ruling could, under proper exceptions, have been reviewed here. But we are foreclosed from examining the correctness of the disposition of the motion for a nonsuit made at the close of the evidence by the unanimous affirmance of the Appellate Division which imports that there was evidence sufficient to sustain the verdict. (*Reed* v. *McCord*, 160 N. Y. 330.) Moreover, the plaintiffs were allowed on the trial to amend their complaint by alleging the service of twenty days' written notice to terminate the tenancy which the lease in express terms authorized. This amendment was made over the objection and exception of the appellants, and it is urged that the trial court erred in granting it. The change was certainly substantial, since in the case of ejectment for non-payment of rent the statute requires the amount of the rent to be specified in the judgment and the tenant may be restored to his estate by payment of the arrears at any time within six months, while a judgment in an action in ejectment for expiration of term would oust the defendants permanently. As the judgment must be reversed for errors hereafter mentioned, it is not necessary for us to determine whether there was error in allowing the amendment, as before a new trial the pleadings may be placed in proper shape to present the issues between the parties.

On the trial the plaintiffs relied exclusively on the claim that the defendants' ancestor was in possession of the premises under a lease from them and as their tenant. This relation if established was sufficient to entitle them to a recovery. "No proof of title is required in this action when it is brought by a landlord, since if a tenant has once recognized the title of

the plaintiff and treated him as his landlord by accepting a lease from him or the like, he is precluded from showing that the plaintiff had no title at the time the lease was granted, and that whether the action be debt, assumpsit, covenant or ejectment." (2 Taylor Landlord & Tenant, § 705; see Sedgwick & Wait Title to Land, § 351; *Ingraham* v. *Baldwin*, 9 N. Y. 45.) To show the relation between the parties the plaintiffs called as a witness the counsel for the defendants on whom they had previously served a subpœna *duces tecum* and asked him if he had in his possession a lease from Annie E. Jones to Andrew Henderson. Over the objection and exception of the appellants, who claimed that the inquiry was an invasion of the privilege of counsel, the witness, in compliance with the direction of the court, answered that he had. Under the further order of the court, made against like objection and exception, the witness was directed to produce the instrument, the signature to which by said Henderson was proved and the instrument put in evidence. It is claimed that this action of the court was erroneous and that the counsel could not be compelled to produce his client's papers. Such seems to have been the rule before the enactment of the statutory provisions by which parties to an action were made competent witnesses and compellable at the instance of an adverse party to testify the same as other witnesses. The privilege was that of the client, not of the counsel, and when by change in the law the client could be compelled by subpœna to produce documents in his possession, the rule that the attorney could not be forced to produce them when in his possession necessarily fell. The subject is elaborately discussed by the late Court of Common Pleas of the county of New York in *Mitchell's Case* (12 Abb. Pr. 249), and in the conclusion there reached, that an attorney or counsel is obliged in answer to a subpœna to produce any instruments of his client which the latter could have been compelled to produce, we entirely concur. (See, also, *People ex rel. Mitchell* v. *Sheriff of New York*, 29 Barb. 622.)

One of the plaintiffs was permitted to testify, against the

objection of the appellants, that under section 829 of the Code
of Civil Procedure he was not a competent witness to the
fact that he had been paid rent for the premises up to a speci-
fied date and that no rent had been paid to him thereafter.
That the plaintiff was not a competent witness to personal
transactions with the deceased Andrew Henderson, under whom
the defendants claimed title, is unquestionable. The ground on
which the ruling of the learned trial court seems to have pro-
ceeded was that the testimony of the witness did not neces-
sarily imply that he had received it from the deceased. "It
might have been from somebody holding adverse possession,"
said the court. This ground is entirely untenable. The only
issue in the case was whether Henderson was the tenant of
the plaintiff's ancestor. If the rent was paid by any one else
than Henderson it was wholly immaterial. But it is not
necessary to pursue the matter further. The question is
settled adversely to the respondents by our decision in
*Richardson* v. *Emmett* (170 N. Y. 412). Nor can the error
be disregarded. The only evidence in the case to prove that
Henderson was the tenant of the plaintiffs was the execution
by him of the lease and the payment of rent. As to the lease,
three witnesses testified that the signature of Henderson to
that instrument was genuine, three that it was not. If subse-
quently to the date of the alleged lease Henderson paid rent
it would strongly tend to prove the authenticity of that instru-
ment; while if there were no proof that Henderson had paid
rent the jury might have found that he never had executed
the lease.

The plaintiffs served upon the defendants a subpœna
requiring the production of a number of receipts for rent.
This subpœna with proof of its service was, against the objec-
tion and exception of the defendants, read in evidence. No
testimony was given to show that there had been any such
receipts and no attempt was made to prove their contents.
If the plaintiffs' intention was to offer secondary evidence on
the subject it doubtless would be proper to file the subpœna
with the court and prove its service. It is contended by the

respondents that such was their only purpose in offering the subpœna. If we were permitted to speculate on the subject we might think that probably such was the object of the counsel. But the record shows that it was read in evidence and the effect on the jury of the recital of such a number of receipts, the existence of none of which was actually proved, might well have been prejudicial to the defendants.

The appellants further complain of the exclusion by the trial court of deeds made by Henderson and his assertion of claim of ownership to the property made at the time of the alleged lease. The ruling of the trial court on these matters was correct. Henderson was in possession of the premises before the making of the lease. Nevertheless the doctrine that a tenant cannot dispute the title of his landlord applied to him as well as to a tenant who enters into possession under a lease. The doctrine, it is true, is qualified to a certain extent. Thus, if the tenant has been induced to take the lease by force, fraud, misrepresentation or possibly by mistake, the estoppel does not obtain. (2 Taylor, § 707.) In *People ex rel. Ainslee* v. *Howlett* (76 N. Y. 574) the defendant was allowed to show that the lease was a mere cover for a usurious agreement for the loan of money to him by the party claiming to be landlord. But the tenant cannot merely by his own act destroy the estoppel. So in *Whiting* v. *Edmunds* (94 N. Y. 309) it was held that a tenant cannot by disclaimer, or by mere words denying his landlord's title and asserting one of his own, work a forfeiture of his tenancy, or set running an adverse possession. In other words, the tenant or his grantees may avoid the estoppel by attack on the means by which the lease was originally procured, but not by his or their own subsequent acts or declarations.

For the error in the admission of testimony already pointed out the judgment must be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur.

Judgment reversed, etc.