(40 Misc. Rep. 528.)

### PHOEBUS v. WEBSTER et al.

(Supreme Court, Special Term, New York County. April, 1903.)

1. PRIVILEGED COMMUNICATIONS—KNOWLEDGE OF ATTORNEY.

A debtor transferred his house, representing nearly all his property, to his wife, for $1. She died, having borrowed money on the house, and made the husband her sole beneficiary. *Held* that, in supplementary proceedings on a judgment obtained against the husband, the attorney for the wife must disclose what disposition he had made of money borrowed by the wife and paid to him, because after receiving the money he became her agent as to it, and had lost his privilege to refuse to disclose a communication made to him by a client, under Code Civ. Proc. § 835.

Action by John A. Phoebus against David Webster and others. Judgment for plaintiff. Objections to examination in proceedings supplementary to execution. Objections overruled.

Ingram, Root & Massey (Paul Armitage, of counsel), for judgment creditor.

George A. Strong, for judgment debtor and for Mrs. Webster.

BLANCHARD, J. This is a proceeding supplemental to execution. After the claim in question arose, the judgment debtor transferred his house, which was nearly all the property he possessed, to his wife, for the consideration of $1. Some time thereafter the wife borrowed $45,000, and gave a mortgage on the house to secure its payment. Later she died, leaving a will whereby she created a trust, and made her husband, the judgment debtor herein, sole beneficiary during his life. On his examination the judgment debtor testified as to the disposition of the $45,000 which his wife had borrowed, and stated that $15,000 thereof had been given to his wife's lawyer, but for what purpose he did not know. The lawyer was then called as a witness, and he was asked if he had received the $15,000 from the judgment debtor's wife, if he still had any portion of it, if there was any agreement between him and his client in relation to it, and, if so, to state its terms. He was also asked if he had given any consideration for the $15,000, and whether, at the time—or prior thereto—the fund was placed with him, anything was said by his client, or any one representing her, in regard to the purpose or object for which it was placed with him. The witness refused to answer the questions on two grounds:

First, that they seek from the witness a violation of professional privilege as attorney, and a violation of the statute. The statute referred to is section 835 of the Code of Civil Procedure, which declares that an attorney or counselor at law shall not be allowed to disclose a communication made by his client to him, or his advice given thereon, in the course of his professional employment. It will be observed that the statute merely relates to communications by the client, and advice by the attorney or counselor, and by no reasonable construction can it be held to extend to every possible transaction between an attorney or counselor and his. client. Whenever an attorney or counselor at law receives money or other property of his client, he becomes, to that extent, an agent or attorney in fact, and, when interrogated concerning the disposition of such money or property, he is bound to answer. As was said in the case of Foster v. Wilkinson, 37 Hun, 242–244:

"It would be a strange rule which should permit attorney and client to enter into mutual contracts, and be exempt from testifying as to their consideration and integrity when attacked by creditors. Such a rule would enable persons to perpetrate the grossest frauds without the possibility of detection."

In accepting $15,000, I think, the attorney became an agent or attorney in fact, and thereby, to that extent, lost his privilege, and that he may be interrogated concerning his disposition of it.

The second ground of objection is that the questions seek to inquire into matters that relate in no way to the judgment debtor's property, but solely to the property of the deceased wife. In answer to this objection, it must not be overlooked that the judgment debtor transferred the house to his wife after this claim arose, and therefore as to this claim the conveyance was presumptively fraudulent. A man cannot give property to his wife, and thus deprive creditors of their rights and remedies. The law insists that he shall be just to his creditors before being generous, and the judgment debtor failed in this respect. As great latitude is allowed in supplementary proceedings, the purpose of which is to trace the property of a debtor, I am of the opinion that the judgment creditor is entitled to find out what has become of the $15,000 placed in the hands of the witness, and especially so as no harm can result from such inquiry to the wife's estate. If the witness has any property in his possession or control belonging to the judgment debtor, or in which the judgment debtor has a beneficial interest, he is bound to disclose the fact. The objections are overruled, and the witness is directed to answer.

Objections overruled and witness directed to answer.