(108 App. Div. 58.)

Ex parte DEPUE.

(Supreme Court, Appellate Division, Third Department. October 24, 1905.)

1. HABEAS CORPUS—POWERS OF COURT.

On an application for a writ of habeas corpus for the discharge of the petitioner from custody under an order adjudging her guilty of contempt for disobeying an order of court, the court has no authority to set aside the order.

2. EXECUTION—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—DISOBEDIENCE OF ORDER—SERVICE OF ORDER—NECESSITY.

In supplementary proceedings, a subpœna requiring a witness to appear was personally served. The witness disobeyed. An order to show cause why she should not be punished for contempt was personally served on her. On the return of the order she appeared by attorney, and was fined $10, and was ordered to obey the subpœna on a new day fixed. The order was served on the attorney only. Held, that the failure of the witness to appear at the time fixed in the order was a contempt, authorizing the court

to punish her for contempt, though she knew nothing of the order requiring her to appear as a witness, and was not informed thereof by the attorney, who it was claimed had no authority to appear for her, and who was also insolvent.

Appeal from Special Term, Broome County.

Application by Carrie Bell Depue for a writ of habeas corpus for the release of petitioner from an arrest under an order adjudging her guilty of contempt for failing to appear as a witness in supplementary proceedings. From a judgment discharging her, judgment creditors appeal. Reversed.

The relator was arrested and held by the sheriff of the county of Broome under an order of the county judge of the county, dated January 2, 1902, adjudging her guilty of contempt in refusing to obey an order theretofore made by said county judge, and a subpœna theretofore issued by a referee in supplementary proceedings. Upon the 3d day of February, 1900, a judgment was entered against David D. Depue, this defendant's husband, for the sum of $135.40. Supplementary proceedings were thereafter commenced and an order therein made by the Broome county judge, directing the said David D. Depue to appear before Harry C. Walker, a referee, to be examined concerning his property. The said judgment debtor was duly served and appeared before said referee, and the matter adjourned to the 17th day of May, 1900. Upon March 23, 1900, a subpœna in due form was issued, directed to this relator, whereby she was required to attend before said referee at his office on said May 17th, and give evidence as a witness in said proceedings. This subpœna was personally served upon the relator upon the 15th day of May, 1900. The relator made default in appearing pursuant to the requirement of the subpœna, and upon the 27th day of May, 1901, an order was made by the Broome county judge requiring the relator to show cause before him at his chambers upon the 26th day of July why she should not be punished for contempt in failing to obey the command of the subpœna. This order to show cause was personally served upon the relator upon July 18, 1901. Upon the return of said order the relator appeared by one A. P. Fish, an attorney of this court, who argued in her behalf upon said proceedings, and upon July 27, 1901, an order was made by the county judge adjudging the relator guilty of contempt, and fining her $10, and requiring that she appear before the said referee at his office on the 8th day of August, 1901. This order, having been made, was served, not upon the relator, but upon A. P. Fish, the attorney who appeared for the relator in the proceedings. The fine imposed by the order was duly paid. Upon August 8, 1901, the relator appeared by the said attorney, A. P. Fish, upon whose request an adjournment was taken to October 2d, and thereafter, at the request of the same attorney appearing for the relator, an adjournment was taken to October 24th. Upon October 24th no one appeared in behalf of the relator. Thereafter, and upon December 14, 1901, an order was made by the county judge requiring the said relator to appear before him upon January 2, 1902, and show cause why she should not be punished for contempt in failing to appear before the said referee upon August 8th, as required by his previous order. Upon said return day no one appeared, and an order was thereupon entered adjudging the relator guilty of contempt, and fining her the sum of $20, the amount of the plaintiff's costs and expenses in the proceedings, and, in addition thereto, the sum of $151, and committing her to the Broome county jail until she complied with the acts required of her, and appeared for examination before the said referee. Upon this order the relator was arrested by the sheriff of Broome county and confined. Thereupon she petitioned the Broome county judge for a writ of habeas corpus, alleging that her imprisonment was illegal and void, alleging the illegality thereof for the reason that no subpœna was personally served upon her requiring her to be examined upon August 8, 1901, and that the said order requiring her so to appear was without jurisdiction and void, and also upon the ground that the fine imposed was exorbitant, unjust, and illegal. Upon the return to this writ the judgment creditors appeared voluntarily. Upon behalf of the judgment creditors, the affidavits of one

Hermans and Fish were permitted to be filed as against the objection of the relator. The order made upon said return released the relator from custody by virtue of the order of January 2, 1902, and vacated and set aside said order. From this order the judgment creditors have appealed. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

T. B. & L. M. Merchant (T. B. Merchant, of counsel), for appellants.

Hinman, Howard & Kattell (Thomas B. Kattell, of counsel), for respondent.

SMITH, J. At the threshold of this appeal the respondent contends, inasmuch as the order of January 2, 1902, under which the relator was imprisoned, has been vacated and set aside as a part of the order here appealed from, that the right to detain the relator has necessarily ceased. This contention is undoubtedly sound, provided only the county judge upon this application had the right to review the order which he had made punishing the relator for contempt and directing her imprisonment. Upon this writ, however, the equity of the order for imprisonment was not before the learned county judge. The relator might have made a motion to set aside that order, upon which the county judge could have exercised his discretion either in remitting the punishment or in modifying the same. This proceeding, however, is based upon the illegality of the imprisonment—the invalidity of the order upon which the relator is imprisoned. It has been apparently so decided, as the order from which this appeal is taken recites that the imprisonment is unlawful and unauthorized. That part of the order, therefore, which assumes to set aside the prior order is ineffective, as not within the purview of this proceeding. See People ex rel. Woolf v. Jacobs, 66 N. Y. 8.

The validity or legality of the order of January 2d was, however, before the court. While in this proceeding the order could not have been set aside, nevertheless the relator could have been released from imprisonment had such order been invalid or unauthorized.

The validity of this order is challenged by reason of the fact that the order of July 27th was not served upon the relator personally, but was only served upon A. P. Fish, her attorney; also by the fact that the order to show cause, upon which the order of January 2d was made, was served only upon the attorney. It will be borne in mind that this order of July 27th was the order which adjudged the relator guilty of contempt in failing to appear before the referee, pursuant to the subpœna originally issued and personally served, and which also required the relator to appear before the referee upon August 8th, and for a failure to obey which order she was finally adjudged in contempt and imprisoned. It is undoubtedly a general rule that, in order to bring a party in contempt, the order requiring the specific act for failure to perform which a contempt is claimed must be personally served upon the party. In this case the relator was not a party to the proceeding, but was a witness only. The subpœna requiring her attendance before the referee was personally and duly served upon her. The command of this subpœna she refused to obey, and for this refusal she

was, by the order of July 27th, fined $10. By that same order she was required to obey the command of the subpœna upon a new day fixed by the order, to wit, the 8th day of August. She was properly before the court. This requirement could have been made by the court as incidental to the punishment for her refusal to obey the command of the subpœna. The failure to serve the same personally upon the relator, or to serve upon the relator personally the order to show cause why she should not be punished for a contempt in refusing to appear upon the 8th day of August, is, under the authorities, no objection to the demand of the judgment creditors that she be punished for contempt in failing to respect the amended date of the command of the subpœna. In Rochester Lamp Co. v. Brigham, 1 App. Div. 490, 37 N. Y. Supp. 402, an order was served requiring the defendant to appear upon a certain day, which was personally served within the state upon the defendant. It was afterwards vacated, and later the order vacating that order was reversed by the General Term, and this order of reversal fixed a new date upon which the defendant should appear. This order was served, not upon the defendant, but upon his attorney, and it was held that the order of the General Term and the order to show cause why he should not be punished for contempt in refusing to attend upon the adjourned day might properly be served upon the attorney. Until a party has purged himself of the contempt, both by paying the fine imposed and by obeying the command of the writ, he is in court subject to its jurisdiction through his attorney, who stands for him, both to defend him from the responsibility of his disobedience of the mandate, and to receive for him such notice as needs be given to him of the order made in the proceeding.

In this proceeding the relator claims that she knew nothing of this order, and was not informed thereof by Mr. Fish; that the attorney had no authority to appear for her in the proceeding, and that he is insolvent. Whatever force might be given to these allegations, upon an application to the County Court to modify the order of January 2, 1902, they can hardly affect the question as to the jurisdiction of the judge to grant the order under which the relator was imprisoned. As that order was lawfully granted, the imprisonment was authorized, and the order releasing the relator therefrom should be reversed, and the relator remanded to the sheriff of the county of Broome, pursuant to the order upon which she was held at the time of her release.

Final order reversed, and relator remanded to the sheriff of Broome county. All concur.