## HOWE v. STUART.

### (Supreme Court, Appellate Term. July 1, 1910.)

**1.** EXECUTION (§ 416*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PERSONS—DISOBEDIENCE TO ORDER.

That a third person, examined in proceedings supplementary to execution, was not personally served with the order denying his motion to vacate the proceeding and adjourning the date for examination, is unavailable to him in contempt proceedings, where he was duly served with the original order and the adjournments were properly taken.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1200; Dec. Dig. § 416.*]

**2.** EXECUTION (§ 415*)—WITNESSES (§ 25*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PARTIES—FEES.

A third party, examined under Code Civ. Proc. § 2241, in proceedings supplementary to execution, is a party to the proceeding, and entitled to costs under sections 2432 and 2456, but is not entitled to witness fees.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1194; Dec. Dig. § 415;* Witnesses, Cent. Dig. § 50; Dec. Dig. § 25.*]

**3.** WITNESSES (§ 200*)—SUPPLEMENTARY PROCEEDINGS—ATTORNEY'S PRIVILEGE.

Code Civ. Proc. § 835, protecting one against revelation by his attorney of communications made to him in a professional capacity, does not apply to management of the client's property, since that is an agent's and not an attorney's function; and hence the statute does not protect an attorney, examined as a third party in proceedings supplementary to execution, from stating whether he manages any real estate for the debtor, or whether he has any of the debtor's property.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 752; Dec. Dig. § 200.*]

Appeal from City Court of New York, Special Term.

Proceedings supplementary to execution by Frank M. Howe against William W. Stuart. From an order refusing to punish a third party for contempt, the judgment creditor appeals. Reversed, with permission to relieve contempt.

Argued before SEABURY, GUY, and BIJUR, JJ.

Walter P. Frank, for appellant.
A. Edward Woodruff, for respondent.

BIJUR, J. The attorney of the judgment debtor, while being examined as a third party in supplementary proceedings, refused to answer certain questions put to him concerning the property of his client. The questions asked were:

"Q. Do you manage any real estate for him? A. I decline to answer, on the ground of privilege of counsel. Q. Have you any property of Mr. Stuart's? A. I decline to answer, on the ground of privilege of counsel."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The preliminary objection made by respondent, that he was not personally served with the order denying his motion to vacate the pro-ceeding, and fixing a further date for his examination, is not well taken. He was duly served with the original order. The subsequent adjournments were properly taken, and did not relieve him from the binding force of the original order. Grant v. Greene, 121 App. Div. 761, 106 N. Y. Supp. 535.

He objects, also, that no witness fee was paid to him. But he was not subpœnaed as a witness under section 2244. Under the third party order, issued by virtue of section 2241, he becomes a party to a special proceeding, and is not entitled to a witness fee, but may become entitled to costs under sections 2432 and 2456. Heckman v. Bach, 20 Abb. N. C. 401. Matter of Depue, 185 N. Y. 60, 77 N. E. 798, cited by respondent, is no authority to the contrary. On careful examination of the opinion and a reading of the case below, reported in 108 App. Div. 58, 95 N. Y. Supp. 1017, it will be seen that the party sought to be punished for contempt was originally subpœnaed as a witness under section 2244; but the contempt alleged was for refusal to obey a subsequent order of the county judge requiring an appearance to testify before a referee. The Court of Appeals decided that the order was unwarranted and void, and that, even regarded as a witness under the previous subpœna, the relator had not been paid the necessary fee.

The principal point made by respondent is that, as attorney, he may, and indeed must, plead his client's privilege under section 835 against answering the questions asked. The section, however, protects the client against the revelation by the attorney merely of communications, and, further, of those only which are made in a professional capacity. The management of a client's property, or acting as depository of such property, is not the professional function of an attorney, but that of a mere agent. Phœbus v. Webster, 40 Misc. Rep. 528, 82 N. Y. Supp. 868; Mulford v. Muller, *40 N. Y. 31.

Conceding, indeed, that the privilege should cover communications even of the most indirect character, as, for example, information derived from an examination of the client's papers (Charman v. Tatum, 54 App. Div. 61, 66, 66 N. Y. Supp. 275), such considerations would not be pertinent to the case at bar, in which the questions are directed to the mere control or custody by counsel of the client's property. It has been plainly held that the attorney may be compelled to produce any document which the client could be compelled to produce. Jones v. Reilly, 174 N. Y. 97, 105, 66 N. E. 649. Under these circumstances, it is apparent that respondent was not entitled to plead his client's privilege, under section 835, against answering the questions asked.

As there is no indication that the refusal to answer these questions was other than in good faith and with a view of affording the client the protection to which he might be entitled in the performance of respondent's professional duties, the order is reversed, and the examination under the original order is hereby set down for the 12th day of July, 1910, and respondent relieved from his contempt upon duly answering the questions asked, and upon payment of $10 costs of the original motion and $10 costs and disbursements of this appeal. All concur.