Matter of Proceedings Supplementary to Execution. FRANK M. HOWE, Judgment Creditor, Appellant, *v.* WILLIAM W. STUART, Judgment Debtor, Respondent.*

(Supreme Court, Appellate Term, July, 1910.)

Witnesses — Disqualification by reason of confidential relation — Between attorney and client — Where communication has no reference to professional employment.

> The management of a client's property, or acting as depositary of such property, is not the professional function of an attorney but that of a mere agent; and the depositary is not excused from testifying in relation thereto, as his client's privilege, under section 835 of the Code of Civil Procedure, protects him against the revelation by the attorney merely of communications and such communications only as are made to the attorney in a professional capacity.

APPEAL by a judgment creditor from an order of the City Court of the city of New York denying a motion to punish a third party for contempt in supplementary proceedings.

Walter P. Frank, for appellant.

A. Edward Woodruff, for respondent.

BIJUR, J.    The attorney of the judgment debtor, while being examined as a third party in supplementary proceedings, refused to answer certain questions put to him concerning the property of his client.   The questions asked were:   Q. "Do you manage any real estate for him? A. I decline to answer on the ground of privilege of counsel."   Q. "Have you any property of Mr. Stuart's?   A. I decline to answer on the ground of privilege of counsel."

The preliminary objection made by respondent, that he was not personally served with the order denying his motion to vacate the proceeding and fixing a further date for his examination, is not well taken.   He was duly served with

---

* Reversing 67 Misc. Rep. 240.— Rep.

the original order; the subsequent adjournments were properly taken, and did not relieve him from the binding force of the original order. Grant v. Greene, 121 App. Div. 761.

He objects also that no witness fee was paid to him. But he was not subpœnaed as a witness under section 2244. Under the third party-order, issued by virtue of section 2241, he becomes a party to a special proceeding, and is not entitled to a witness fee, but may become entitled to costs under sections 2432 and 2456. Heckman v. Bach, 20 Abb. N. C. 401. Matter of Dupue, 185 N. Y. 60, cited by respondent, is no authority to the contrary. On careful examination of the opinion and a reading of the case below, reported in 108 App. Div. 58, it will be seen that the party sought to be punished for contempt was originally subpœnaed as a witness under section 2244, but the contempt alleged was for refusal to obey a subsequent order of the county judge requiring an appearance to testify before a referee. The Court of Appeals decided that the order was unwarranted and void, and that, even regarded as a witness under the previous subpœna, the relator had not been paid the necessary fee.

The principal point made by respondent is that, as attorney, he may and, indeed, must, plead his client's privilege under section 835 against answering the questions asked. The section, however, protects the client against the revelation by the attorney merely of communications, and, further, of those only which are made in a professional capacity. The management of a client's property, or acting as depositary of such property, is not the professional function of an attorney, but that of a mere agent. Phoebus v. Webster, 40 Misc. Rep. 528; Mulford v. Muller, 1 Keyes, 31.

Conceding, indeed, that the privilege should cover communications even of the most indirect character as, for example, information derived from an examination of the client's papers (Charman v. Tatum, 54 App. Div. 61, 66), such considerations would not be pertinent to the case at bar, in which the questions are directed to the mere control or custody by counsel of the client's property. It has been plainly held that the attorney may be compelled to produce

23

any document which the client could be compelled to produce. Jones v. Reilly, 174 N. Y. 97, 105.

Under these circumstances, it is apparent that respondent was not entitled to plead his client's privilege, under section 835, against answering the questions asked. As there is no indication that the refusal to answer these questions was other than in good faith and with a view of affording the client the protection to which he might be entitled in the performance of respondent's professional duties, the order is reversed, and the examination under the original order is hereby set down for the 12th day of July, 1910, and respondent relieved from his contempt, upon duly answering the questions asked and upon payment of ten dollars costs of the original motion and ten dollars costs and disbursements of this appeal.

SEABURY and GUY, JJ., concur.

Order reversed and examination under original order is set down for July 12, 1910, and respondent relieved from his contempt, upon duly answering the questions asked and upon payment of ten dollars costs of the original motion and ten dollars costs and disbursements of this appeal.