OPINION OF THE COURT
Alan L. Lebowitz, J.
The petitioner, an attorney-at-law, moves this court for an order quashing an information subpoena served upon him by the plaintiffs attorney.
The information sought to be quashed is a series of some 30 questions in relation to an indebtedness by the defendant to the plaintiff.
Petitioner contends that despite the fact that he did not represent the defendant in the instant proceedings, he did *318 represent it in prior proceedings and that the information sought was given to the attorney by the client during the course of his representation. Petitioner claims that he would be violating DR 4-101 of Canon 4 of the lawyers’ Code of Professional Responsibility which requires an attorney to preserve the confidences and secrets of a client, if he divulged the sought after information, and thus be subject to disciplinary proceedings. Petitioner is therefore seeking to have this court quash this information subpoena which is the subject of the instant petition.
DR 4-101 provides as follows:
"DR 4-101. Preservation of Confidences and Secrets of a Client
"A. 'Confidence’ refers to information protected by the attorney-client privilege under applicable law, and 'secret’ refers to other information gained in the professional relationship that the client has requested to be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.”
The court, after a careful review of the interrogatories served upon petitioner, finds nothing contained therein which would require the petitioner to violate Canon 4.
It is established New York law that information relating to the finances of an attorney’s client as well as any fee arrangement are not confidential and therefore are not violative of the attorney-client privilege. (Phoebus v Webster, 40 Misc 528 [Sup Ct, NY County 1903]; see also, Matter of Howe v Stuart, 68 Misc 352 [App Term, 1st Dept 1910].)
In National Chain Co. v Aurotone Precious Metals (NYU, Oct. 8, 1985, at 11, cols 2, 3 [Sup Ct, NY County, Sherman, J.]), the corporate attorney refused to disclose information as to the nature and location of the debtor’s assets on the grounds that the requested information was confidential and was therefore covered by the attorney-client privilege. This argument was rejected by the court and the debtor’s attorney was compelled to furnish plaintiff with the requested information. (See also, Oppenheimer v Oscar Shoes, 111 AD2d 28 [1st Dept 1985].)
This court is mindful of petitioner’s years. No responsible *319 attorney wishes to be placed in a position where he could be the subject of disciplinary proceedings for disclosing confidential information relating to a client to a third person.
Accordingly, the petitioner is directed to comply with the terms of the information subpoena within 30 days from service of a copy of this order.