1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST DECEDENT'S ESTATE.
   A judgment against an administrator for a debt due from decedent, rendered on a trial on the merits, is only presumptive evidence of the debt on the hearing before the surrogate (Code Civ. Proc. § 2756), and therefore a judgment by default is not entitled to any weight as evidence of a debt against the estate.

2. SAME—NOTE OF ADMINISTRATOR FOR FUNERAL EXPENSES.
   A claim against a decedent's estate, based exclusively on the administrator's note given in consideration of the payment of funeral expenses and other preferred debts of decedent, will not be allowed; the administrator having no power to make such note a charge thereon, except by payment, and then by charging it in his accounts, and having them passed upon in the usual way.

3. SAME—REPAIRS.
   Though an executor is authorized by will to make repairs, a note given by him for the cost of repairs is not a charge on the estate, in the absence of an express agreement to make it a charge thereon.

4. STATUTE OF LIMITATIONS—ACCOUNTING BY ADMINISTRATOR.
   A proceeding to compel an administrator to account is a proceeding to enforce an "obligation or liability," within Code, § 382, providing that an action on a "contract obligation or liability," express or implied, except a judgment or sealed instrument, and an action to recover on a liability created by statute, must be brought within six years after the cause of action has accrued.

Judicial settlement of the estate of Sarah D. Kirkpatrick.

Harrison W. Nanny, for petitioner.
John F. Bradner, for administrator.

McELROY, Special Surrogate. This is a special proceeding instituted by the petitioner to compel the administrator c. t. a. to render an account, and pay the claim of the petitioner. The records in the surrogate's court of Orange county show that letters testamentary were granted by this court to Franklin Varney, the sole executor named in the will of Sarah D. Kirkpatrick, deceased, on the 19th day of May, 1876, and that on the 8th day of January, 1877, an inventory was filed by said executor, amounting to the sum of $2,121.72, or thereabouts. It further appears that the said Franklin Varney died without having had a judicial settlement of his account, and that on the 21st day of February, 1879, letters of administration c. t. a. were issued by this court to Gilbert M. Varney, and that his letters have never been revoked. No further proceedings of any kind have been had in this estate subsequent to the appointment of said administrator c. t. a., in February, 1879, until the 5th day of February, 1894, a period of 15 years, when one Delia Riggs presents a petition to this court, alleging, in substance, (1) that more than 18 months have elapsed since the grant of letters of administration c. t. a.; (2) that the petitioner, on the 11th day of January, 1894, recovered a judgment against the administrator c. t. a. of the goods, chattels, and credits of Sarah D. Kirkpatrick, deceased, for the sum of $350.82, and that said administrator c. t. a. has not rendered an

account of his proceedings, nor paid petitioner the amount due her as aforesaid,—and demanding that said administrator c. t. a. be ordered to account, and pay her said claim. Upon filing this petition with the court a citation was issued, requiring the administrator c. t. a. to show cause why he should not account, and pay the claim of petitioner. On the 13th day of March, 1894, the return day of said citation, the administrator c. t. a. appears, and files an answer alleging, in substance, that more than 15 years have elapsed since the right to compel an accounting accrued, and that the court is barred by the statute of limitations from compelling this administrator c. t. a. to account. A further answer was subsequently filed, denying the claim of petitioner. We have, therefore, two questions presented for our consideration: (1) Is the statute of limitations a bar to the right of a creditor to compel an executor or administrator to account, after six years have elapsed since the right to compel such accounting accrued? (2) Is the claim of the petitioner a valid claim against the estate of Sarah D. Kirkpatrick, deceased?

The claim of the petitioner is upon a judgment recovered in the supreme court upon a note, of which the following is a copy:

"Middletown, N. Y., Apr. 8th, 1889.
"Twelve months after date, I promise to pay to the order of Zenas Riggs three hundred dollars, at the First National Bank of Middletown, for value received, 6% interest.          G. M. Varney, Admrtr."

The petitioner, in her complaint in that action, alleges that the consideration of said note was the funeral expenses and other preferred debts of said deceased, paid by the payee of said note to the said administrator c. t. a., at his request; that the note was duly transferred to the petitioner. Testimony was also received showing that some part of the money representing the consideration of this note was used in repairing real estate of which Sarah D. Kirkpatrick died seised, situated at Slate Hill, N. Y. In view of the fact that the testatrix died in 1876, and that she left an estate of the value of over $2,000, I am unable to see any reason for the administrator c. t. a., some 13 years afterwards, to borrow money for the payment of "funeral expenses and other preferred debts of said deceased." However, this claimant stands in the shoes of Zenas Riggs, the payee of this note, and she can have no greater rights against this estate than he possessed. It does not appear that this note ·was ever presented to the administrator c. t. a. as a claim against the estate of Sarah D. Kirkpatrick, deceased, either by the original payee or the present owner of the note, and accepted or rejected by the administrator c. t. a., nor does it appear that the claimant ever offered to refer such claim, and that such offer was refused. I fail to see how the claimant's judgment should be entitled to any weight as evidence of a debt against this estate (Code, § 1210), for a judgment upon a trial upon the merits is only presumptive evidence of a debt due from the decedent (Id. § 2756), and this is conceded a judgment by default. But, assuming that a debt is established by this judgment, then, as contended by the counsel for the petitioner, "some person or estate owes the petitioner, and it is proper to ask who, or what estate, owes it." An executor or administrator has no power

to bind an estate by a new contract, nor can he revive a demand which has once expired, even though it be his own claim, nor can his contracts or admissions have the effect of creating the one or reviving the other.   In Schmittler v. Simon, 101 N. Y. 557, 5 N. E. 452, Chief Justice Ruger says:

"Neither executors nor administrators have power to bind the estate represented by them through an executory contract, having for its object the creation of a new liability, not founded upon the contract or obligation of the testator or intestate.   They take the personal property as owners, and have no principal behind them for whom they can contract. * * * In actions upon contracts made by them, however, they may describe themselves therein.   They are personally liable, and in actions thereon the judgment must be de bonis propriis.   Not so, however, upon contracts made by their testator or intestate.   In such case the judgment is always de bonis testatoris."

To the same effect, see Barry v. Lambert, 98 N. Y. 300; McLaren v. McMartin, 36 N. Y. 88; Austin v. Munro, 47 N. Y. 366; Martin v. Platt, 51 Hun, 429, 4 N. Y. Supp. 359; Glenn v. Burrows, 37 Hun, 602; Scott v. McMillan (City Ct. N. Y.) 4 N. Y. Supp. 434; Kedian v. Hoyt, 33 Hun, 145; Clapp v. Clapp, 44 Hun, 451, and cases cited.

The claim of this petitioner is exclusively upon the undertaking of Gilbert M. Varney to pay the sum of $300 in 12 months from April 8, 1889, with interest.   There never was any liability on the part of the testatrix to the payee of this note, and I am unable to see how any court could make the petitioner's claim a charge upon the estate of this testatrix, even though the whole consideration of this note represented the funeral expenses of the deceased; and the administrator c. t. a. has no power to make it a charge thereon, except by payment, and then charging it in his accounts, and having them passed upon in the usual way.   Ferrin v. Myrick, 41 N. Y. 315.

There has been testimony received showing that about $50 of this $300 note was used for repairs on real estate belonging to the deceased.    The fourth clause of the testatrix's will is as follows:

"I authorize, empower, order, and direct my executor to grant, bargain, sell, and convey, and convert into money, all my real estate and chattels real, of every name and kind, wherever situated, and to that end to make, execute, and deliver all contracts, deeds, or conveyances necessary or proper with or to the purchaser or purchasers, and, until sold, to take possession of, manage, rent out, lease, or control the same as he may deem for the best interest of my estate, and to hold the same until it is, * * * but, in his judgment, to sell and dispose thereof; * * * to sell and collect personal property, &c., &c., and, after payment of my debts and expenses aforesaid, to pay and dispose of the residue to my legatees as follows."

Assuming that this power in reference to the disposition and management of the real estate was, upon the death of the executor and the appointment of the administrator c. t. a., transferred to said administrator c. t. a., and that inferentially there was a power in said will to make repairs, etc., I fail to see how this claim of the petitioner can bind the estate of the testatrix, even to the extent of the value of the repairs made.   The general rule is that a trustee cannot charge the trust estate by his executory contracts unless authorized to do so by the terms of the instrument creating the trust; and, while there are exceptions to this general rule, yet, to create a lien or charge, there must be some agreement to that effect   It is

evident that the claimant had no such agreement, for she alleges in her complaint that the consideration of said note was the "funeral expenses and other preferred debts of said deceased" (New v. Nicoll, 73 N. Y. 127); and, even though the administrator c. t. a. has used some part or all of the consideration of this note in making repairs upon the real estate of the testatrix, the petitioner could have no claim or lien without an express promise or agreement to make such a charge. But it is beyond the power of this court to decide the validity of the petitioner's claim, as such, or whether it is a claim against the decedent's estate, at least in this proceeding; and I will now consider the first question, viz. "Is the statute of limitations a bar to this proceeding?" upon which the disposition of this proceeding alone can rest, in my judgment.

There can be no doubt but what an answer pleading the statute of limitations can be justly interposed upon an application to this court for an order compelling an executor or administrator to account or pay a claim, and that the person thus cited to account may show, in answer to the application, any legal bar to the application, whether it be the statute of limitations, payment, a release, or otherwise. Chapter 4 of the Code of Civil Procedure provides for the limitation of actions, and the last clause of section 414 is as follows:

"The word 'action,' contained in this chapter, is to be construed, when it is necessary so to do, as including a special proceeding, or any proceeding therein, or in an action."

By this provision it would seem that it is intended to limit the remedy in the surrogates' courts just as absolutely as the various remedies are limited in other courts, and the chapter is to be read as though the words "special proceedings" were substituted wherever the word "action" occurs. By section 380 of the Code—

"The following actions must be commenced within the following periods after the cause of action has accrued." "Sec. 382. Within six years: (1) An action upon a contract, obligation or liability, express or implied; except a judgment or sealed instrument. (2) An action to recover upon a liability created by statute; * * *."

Is the duty of an executor or administrator to account such an obligation or liability as mentioned in either subdivision of section 382 of the Code? Prior to the enactment of the Code, it was well settled that the statute of limitations began to run as soon as the right to compel an accounting accrued. Borst v. Corey, 15 N. Y. 505, 509. By section 2726 of the Code, the surrogate's court may compel a judicial settlement of the account of an executor or administrator "where one year has expired since letters were issued to him." The obligation or liability to account, therefore, accrues at that time, viz. when one year has expired since letters were issued; and it seems to me that a proceeding to compel an executor or administrator to account is a proceeding to enforce an "obligation or liability," such as was intended in either subdivision 1 or 2 under section 382 of the Code; and, under whichever subdivision it may properly be considered, such proceedings should be commenced within six years after the right to require it has accrued, or, in a case of this kind, within seven years from the grant of letters. In re

Nicholls (Surr.) 8 N. Y. Supp. 7. The only exception is the one in favor of a legatee or distributee, under section 1819 of the Code, which can, however, in no way affect this proceeding. In re Perry's Estate (Surr.) 15 N. Y. Supp. 535; In re Clayton's Estate (Surr.) 5 N. Y. Supp. 266; In re Van Dyke, 44 Hun, 394; Clark v. Ford, 1 Abb. Dec. 359. I am therefore of the opinion that this proceeding should be dismissed, for the reason that more than six years have expired since the right to compel this administrator c. t. a. to account accrued. While it is true that six years had not elapsed since the note became due, and it also appears that this administrator c. t. a. has sold some real estate of the deceased recently, yet at the time this note was given more than ten years had expired since the grant of letters of administration c. t. a. to Gilbert M. Varney; and if a creditor of the deceased could not, at the time this note was given, have instituted a proceeding to compel this administrator c. t. a. to account, certainly this claimant could gain no greater rights by a longer lapse of time, where the statute had already operated as a bar. An order will be entered dismissing the petition herein.