(117 App. Div. 244)

### AVERY v. LEE et al.

(Supreme Court, Appellate Division, First Department. January 11, 1907.)

DISCOVERY—EXAMINATION OF DOCUMENTS—LETTERS AND CABLEGRAM—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.

A certain letter and cablegrams, showing the extent of the authority of the recipient, an attorney at law employed by the sender merely as an attorney in fact, and not in his professional capacity, were not privileged communications between a client and his attorney, so as to be exempt from examination and inspection before trial of an action against the sender by a third party for specific performance of a contract entered into between such party and the sender through the attorney's agency.

Appeal from Special Term.

Action by Edward S. Avery against Lucy E. Lee and Katherine P. Hurlbert. From an order of the Special Term of the Supreme Court, denying plaintiff's motion for leave to inspect and make a copy of a certain letter and cablegrams and that defendants furnish the plaintiff or deposit with the clerk of the court the originals of such papers, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles P. Northrop (Arthur Garfield Hays, on the brief), for appellant.

David B. Ogden, for respondents.

LAUGHLIN, J. The action is brought for the specific performance of a contract by which it is alleged the defendants, as owners of premises No. 26 West Thirty-Fifth street, in the city of New York, agreed to convey the same to the plaintiff for the consideration of $105,000. The answer contains a general denial and interposes the statute of frauds as a defense.

It is contended that the order was properly granted upon the ground that the plaintiff fails to show a valid contract within the statute of frauds. The defendants did not demur to the complaint, and it is evident that a demurrer would have been unsuccessful. The complaint alleges ownership in the defendants and an agreement on their part to convey to the plaintiff the premises therein sufficiently described, for a consideration agreed upon and specified. It is not essential to the plaintiff's cause of action that he should allege that the agreement was in writing, because, under these allegations, he will be at liberty to prove upon the trial a valid agreement within the statute of frauds. The statute of frauds is a defense which must be specially pleaded, and it need not be negatived by the complaint. The plaintiff was not required to set forth, on an application of this kind, the facts showing his cause of action, and therefore the denial of the motion should not be sustained on the theory that it does not appear probable that the plaintiff will succeed upon the trial.

We therefore pass to the merits of the objection to the granting of this motion, which are that the letter and cablegrams are in the possession of one William H. H. Lee, an attorney and counselor, who re-

ceived them in his professional capacity as attorney and counselor for these defendants, and is therefore privileged from allowing an inspection thereof. It appears that the defendants at the times in question were in Rome, Italy, where they had been sojourning, if not residing, for many years. They owned other real estate in the city of New York, and the person, an attorney at law, who received and has the immediate possession of the letter and cablegrams, represented them, by power of attorney and otherwise, in negotiating leases of their property, and contracting for a sale thereof, and also acted as their legal adviser concerning questions arising with respect to the same. In some instances, he collected rents for them, but usually the rents were collected by a firm of brokers and bankers. At this particular time it appears that the only business the attorney was transacting for them, or had represented them in transacting for many years, was receiving, passing upon, and forwarding offers to purchase this property which was for sale. It does not appear that any question arose with respect to the marketability of the title or otherwise upon which they needed or received his advice. He assumed to be authorized by them to negotiate a sale of the premises, and read to plaintiff and his brokers extracts from the letter, concerning which an inspection is sought, tending to show such authority. After negotiating the terms of sale with the plaintiff, through his brokers, he wrote the latter that, so far as he had authority to do so, he considered the premises sold to the plaintiff, and that he would immediately cable one of the owners for confirmation, and that, from a letter recently received, he had no doubt that the sale would be approved, and that he would immediately communicate the reply received to plaintiff's brokers, and in the meanwhile would inform any one inquiring about the property that it had been sold. Neither the plaintiff nor his brokers had any personal communication with the owners.

It is essential to the plaintiff's case that he should show that the attorney was authorized by his constituents to make the agreement for a sale of the premises. The plaintiff is desirous of examining the defendants before trial, with a view to showing, for use upon the trial, that they authorized the attorney to make the contract for a sale of the property. It is manifest that, if the order is issued for their examination, the plaintiff will be met with the objection that the letter, at least, if not the cablegrams, received by the attorney, are the best evidence, and that he may be embarrassed in an endeavor to ascertain the truth by not knowing the contents of the letter and cablegrams. Plaintiff, therefore, is desirous of procuring this letter and the cablegrams for use upon their examination. The attorney declined to exhibit the letter and cablegrams, and he has been examined, pursuant to the provisions of section 885 of the Code of Civil Procedure, for the purpose of using his examination on the motion. So far as appears by the examination of the attorney and by the motion papers, the letter of April 6, 1906, concerning which an inspection is sought, and the cablegrams of April 27, 28, and 29, 1906, merely related to the authority conferred upon him in negotiating the sale of the premises and the ratification of his acts, except that the letter contained "some

kindly and polite message." The attorney, however, declined to permit an inspection of the letter and cablegrams, or to allow them to be made part of the record of his examination.

In these circumstances we think the attorney is not justified, on the ground of privilege, in refusing to permit the inspection and to deliver the letter and cablegrams. The attorney was not acting in his professional capacity, but merely as an attorney in fact, virtually the same as a real estate broker, in negotiating the sale of the property. The privilege extends "to all communications made by a client to his counsel for the purpose of professional advice or assistance * * * whether such advice relates to a suit pending, one contemplated, or to any other matter proper for such advice or aid" (Britton v. Lorenz, 45 N. Y. 51), and "to communications in reference to all matters, which are the proper subject of professional employment" (Root v. Wright, 84 N. Y. 72, 38 Am. Rep. 495); but I think it does not extend to business transactions of this nature to be negotiated with a third party, concerning which the client neither requires nor receives advice (Rochester City Bank v. Suydam, 5 How. Pr. 254; Mowell v. Van Buren, 77 Hun, 574, 28 N. Y. Supp. 1035; Martin v. Platt [Sup.] 4 N. Y. Supp. 359; Rosseau v. Bleau, 131 N. Y. 177, 30 N. E. 52, 27 Am. St. Rep. 578; Bartlett v. Bunn, 56 Hun, 507, 10 N. Y. Supp. 210; Edison Elec. L. Co. v. U. S. Elec. L. Co. [C. C.] 44 Fed. 294). Where an owner of property employs an attorney and counselor at law, instead of a real estate agent, to negotiate a sale of his property, he does not thereby receive immunity from disclosing the authority conferred upon the attorney, where this is properly in issue. If the client could be required to disclose the authority, it is manifest that the attorney may be; for it is the privilege of the client, and not the privilege of the attorney, that the law seeks to protect. Matter of King v. Ashley, 96 App. Div. 143, 89 N. Y. Supp. 482, affirmed 179 N. Y. 281, 72 N. E. 106; Mitchell's Case, 12 Abb. Pr. 249; Jones v. Reilly, 174 N. Y. 97, 66 N. E. 649; Doheny v. Lacy, 42 App. Div. 218, 59 N. Y. Supp. 724; Whiting v. Barney, 30 N. Y. 330, 86 Am. Dec. 385.

It follows that the order should be reversed, with $10 costs and disbursements, and motion to require the witness William H. H. Lee to permit an inspection of the letter to him from the defendants, or one of them, under date of April 6, 1906, and the cablegrams received by him from the defendants, or one of them, on the 27th, 28th, or 29th of April, 1906, concerning the sale of said premises or a ratification thereof, and to have the same annexed to his examination, be granted, with $10 costs. All concur.