(Supreme Court, Appellate Division, Second Department. February 24, 1911.)

WITNESSES (§ 200*)—PRIVILEGE—PERSONS ENTITLED—ATTORNEY ACTING MERE-LY AS AGENT—"PROFESSIONAL EMPLOYMENT."

    Where an attorney is employed in procuring a loan, but merely as an agent, the communications between him and his principal do not relate to a "professional employment," under Code Civ. Proc. § 835, relating to communications with a client, and the communication is not privileged.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 752; Dec. Dig. § 200.*

    For other definitions, see Words and Phrases, vol. 6, p. 5658.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by, John M. Lifschitz and David Seid against James D. O'Brien and others. From a judgment of the Municipal Court in favor of the plaintiffs against defendants Marsell and Sherman, and in favor of defendant O'Brien against the plaintiffs, plaintiffs and

defendants Marsell and Sherman, appeal. Judgment and order reversed, and new trial ordered as to all the appellants.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Marshall Snyder, for appellants Lifschitz and Seid.
Frederic S. Marsell and Abraham C. Sherman, in pro. per.
Andrew C. Morgan, for respondent.

PER CURIAM. The judgment in this case must be reversed for errors of the trial judge in excluding testimony sought to be elicited from the witness Marsell respecting conversations had by him with the defendant O'Brien in reference to procuring a loan upon the premises referred to in the complaint herein. While Marsell was an attorney and counselor at law, and it would appear had represented the defendant O'Brien in certain transactions, his employment, so far as it related to procuring a loan for him from plaintiffs, was not as an attorney and counselor at law, but merely as an agent, and the communications had between them did not relate to professional employment. Code Civ. Proc. § 835; Avery v. Lee, 117 App. Div. 244, 102 N. Y. Supp. 12.

The conversations between these parties, if any such existed, were of vital importance in establishing the relation of principal and agent between O'Brien and Marsell, which relation it was necessary for plaintiff to establish in order to maintain this action against O'Brien. The error of the trial judge is emphasized in this case because he permitted the defendant O'Brien to deny that he had any conversations with the witness Marsell upon the subject, although that denial was somewhat qualified on cross-examination, while at the same time he refused to permit Marsell to testify to the fact of such conversations or the substance thereof.

Judgment and order of the Municipal Court reversed, and a new trial ordered as to all of the appellants; costs to abide the event.