BARNET STRUCKLER, Respondent, *v.* BARNET TEITZ and Another, Appellants.

First Department, November 2, 1923.

Depositions — action to set aside adjustment of partnership affairs and for accounting — examination of defendants before trial — examination as to account may be had before interlocutory judgment.

In an action to set aside an adjustment of partnership affairs to the end that the plaintiff may establish his right in subsequent partnership transactions and for an accounting, in which an essential element of plaintiff's cause of action is the invalidity of the adjustment, the plaintiff is entitled, prior to the entry of an interlocutory judgment, to examine the defendants before trial as to the account and adjustment, since he must prove the invalidity of the adjustment in order to sustain his right to an interlocutory judgment.

APPEAL by the defendants, Barnet Teitz and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of September, 1923, denying their motion to vacate notices of their examination before trial.

*Kaye, McDavitt & Scholer [Jacob Scholer* of counsel], for the appellants.

*Steinberg & Levin [Louis H. Levin* of counsel; *Joseph Steinberg* with him on the brief], for the respondent.

SMITH, J.:

We have held in a number of cases when an accounting is sought that the court would not permit an examination before trial until the entry of an interlocutory judgment, under which the accounting should be had. The underlying reason for this holding was not that the courts would not permit an examination before trial as to an account, but would not permit such an examination of the account before the determination of the issue as to whether there should be an accounting, which issue, if determined adversely to the plaintiff, would render the examination upon the account a work of supererogation. Thus if in an action upon an account a release is set up, the execution of which is denied by the plaintiff, that issue should be first tried, and an examination upon the account should not be allowed, until after it be determined whether that release was actually executed and the accounting thereby rendered unnecessary. Where a release is set up, however, and that release is attacked for fraud by reason of misrepresentation as to matters involved in the account, an entirely different proposition is presented. In that case the plaintiff is bound to go into the account and show the release was obtained by fraud. The examination upon the account would in no event be a work of supererogation, but would be most material to enable the plaintiff to establish that the release was obtained from him by false representations, as in the case at bar, relative to the investment of the funds of the estate. In such a case where it is necessary to go into the account in the first instance to establish the plaintiff's right to an interlocutory judgment for an accounting, this action stands upon no different basis from any other action. The plaintiff must prove affirmatively these false representations which involves an affirmative proving of the state of the account and the facts are necessary to be proved in establishing the plaintiff's affirmative cause of action and it would be against the entire spirit of the Civil Practice Act to limit and not allow the examination of the account in such a case.

I know of no case where this court has held that an examination cannot be had on an account prior to an interlocutory judgment where the account was a material factor in the issue made as to the right to the interlocutory judgment.

Furthermore, this is not the case of an action for an account

simply where the release is asserted by the defendant, but the cause of action asserted in the complaint is to set aside an adjustment to the end that plaintiff may establish his right in subsequent partnership transactions, and an essential element to plaintiff's cause of action which the plaintiff must prove, having admitted the adjustment, is the invalidity of that adjustment. It is, therefore, a substantial part of plaintiff's cause of action upon which the plaintiff has the affirmative and which he must prove in order to entitle him to the relief for which he asks. Where the plaintiff in his complaint bases his right of account upon his establishment of fraud and duress, and the execution of the adjustment or release is admitted by the plaintiff, as to that the defendant needs no affirmative proof. The fraud and duress alleged by the plaintiff is all matter of affirmative proof by the plaintiff as part of the plaintiff's cause of action. In *Oshinsky* v. *Gumberg* (188 App. Div. 23) the Second Department has held that in an application for the examination of an adverse party before trial the rule is that that will be granted only to enable the applicant to prove his own case. There are three exceptions there noted to the rule and the third exception is "litigations in which a defense, unanswered and established, would destroy the plaintiff's cause of action." Presiding Justice JENKS, writing for the court in that case, says that the rule is that the applicant can have an examination to prove his own case only, and then states certain exceptions, among which is the exception noted. He cites a number of cases in support of that rule and proceeds: "This classification is not inclusive of all exceptions possible. When the judge to whom the application is made, in the exercise of sound discretion decides to apply an exception not the rule, the examination ordered should militate as little as possible against the principle that underlies the rule, namely, that such examination is to aid him who has the affirmative to bear his burden, not to inform him of the burden that rests upon his adversary," and cites *Adams* v. *Cavanaugh* (37 Hun, 232, 237).

I am unable to see why the plaintiff may not examine the defendants both within the authority of the Civil Practice Act and the decisions construing such authority.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, McAVOY and MARTIN JJ., concur.

Order affirmed, with ten dollars costs and disbursements. Settle order on notice.