CITY OF NEW ROCHELLE, Respondent, v. MORGAN H. SEACORD, Appellant, et al., Defendants.— In an action to foreclose tax liens, order of an official referee, deciding the description under which the property is to be sold, and the judgment entered on such order, which judgment modifies the terms of the original judgment [see 264 App. Div. 882, mod. 291 N. Y. 622], unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Aldrich, JJ.

WILLIAM L. CREEDEN et al., Respondents, v. SUPREME COUNCIL OF THE ROYAL ARCANUM, Appellant.— Judgment in favor of plaintiffs, who were the beneficiaries named in an insurance certificate issued by defendant to one John F. Creeden, unanimously affirmed, with costs. No opinion. Appeal from "decision" dismissed, without costs. Present — Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ. [See post, p. 946.]

ANNA DUIGNAN et al., Respondents, v. GATES THEATRE CORPORATION, Appellant.— Action by plaintiff wife to recover damages for personal injuries, and by plaintiff husband for expenses and loss of services. Judgment in favor of plaintiffs, and order denying defendant's motion to set aside the judgment and for a new trial on the ground of newly discovered evidence, unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ.

WILLIAM FRIED, Appellant, v. ACME BACKING CORPORATION et al., Respondents.— Plaintiff appeals from an order which vacated a notice for examination before trial of defendant Ralph Freiburg (Freydberg), individually and as president of defendant Acme Backing Corporation. Order reversed on the law and the facts, with $10 costs and disbursements, and the notice of examination before trial reinstated, the examination to proceed on five days' notice. The notice contained matters as to which the plaintiff has the burden of proof, and they are material and necessary to his cause of action. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

LAURA GILCHER, Respondent, v. McNULTY BROS. REALTY CO., INC., Appellant, et al., Defendants.— Action to recover damages for personal injuries sustained when plaintiff, while visiting a tenant in appellant's apartment house, tripped and fell in an alleyway leading from the public sidewalk to a side entrance of the house. Judgment of the City Court of Mount Vernon, entered on the verdict of a jury, affirmed, with costs. No opinion. Close, P. J., Johnston, Adel and Aldrich, JJ., concur; Hagarty, J., dissents, votes to reverse the judgment on the law, and to dismiss the complaint, with the following memorandum: The alleyway involved was not within the province of the Multiple Dwelling Law, as the court charged, and, therefore, there was no statutory duty to illuminate it. In my opinion, the step of three inches from the floor of the alleyway to the public sidewalk did not constitute a dangerous or defective condition requiring the appellant to place a light there in discharge of its common-law duty. [See post, p. 901.]