MYLES E. RIESER Co., INC., Plaintiff, v. LOEW'S INC. et al., Defendants.

Supreme Court, Special Term, New York County, May 18, 1948.

*Aaron A. Roth* for plaintiff.

*William Meagher* for defendants.

NULL, J. In passing upon the extent of the privilege existing between attorney and client, the Court of Appeals has recently ruled (*Bloodgood* v. *Lynch,* 293 N. Y. 308, 314), that " Neither the client nor the counsel may be compelled  *  *  * to produce a document which has the status of a privileged communication between attorney and client when the privilege is claimed by the client." Support for this conclusion is to be found in text authority (8 Wigmore on Evidence, § 2324).

It follows therefrom that the claim of privilege, properly invoked, precludes examination of either the client or the attorney upon confidential communications had between them. The privilege, however, does not necessarily extend to all communications had between an attorney and his client. In the words of the statute it is limited to communications made to the attorney or advice given by him " in the course of his professional employment " (Civ. Prac. Act, § 353). It has no application to communications made to the attorney outside the scope of his professional employment (*Sullivan* v. *Franzreb,* 148 App. Div. 728), or to matters handled in a capacity other than professional (*Lifschitz* v. *O'Brien,* 143 App. Div. 180).

The record of the examination before trial discloses that defendants' counsel acted in a dual capacity. While they were employed in a professional capacity they also acted as negotiators in seeking to bring about agreement on the sundry details necessarily involved in consummating a transaction of considerable size. As negotiators they are bound by the rules of evidence applicable to agents. A privilege applicable only to the attorney-client relationship may not be invoked to sanctify. communications made by them in another capacity.

It is not inappropriate to note that there is no conflict in this holding with the determination in *Hickman* v. *Taylor* (329 U. S. 495). The matter which there was deemed not privileged but, nevertheless, immune from discovery, was the " work product of the lawyer ", acquired in connection with a litigation then pending. In the instant case, the information was derived by

defendants' attorneys and forwarded to their clients while acting in a nonprofessional capacity. It was not incident to litigation then pending and only some of the letters concerned themselves with matters legal. So much of the information which was acquired while acting in a negotiating capacity is entitled to no greater immunity than would be accorded to it if it had been gathered by one who was not a member of the legal profession.

In the circumstances, I hold that the following is not privileged: all of page 2 and the first sixteen lines on page 3 of the communication dated January 29, 1947, addressed to Mr. Walter Reade excluding therefrom the first sentence on page 2; the letter of February 7, 1947, addressed to Leopold Friedman, Esq., with the exception of the last paragraph on page 3; the letter of February 14, 1947, addressed to Nicholas M. Schenck. The remaining letters deal with advice given by the attorneys to the client in connection with the transaction. Hence, they fall within the purview of the privilege.