JENNIE B. HIRSHHORN, Individually and as a Stockholder of BEACON INVESTMENTS, LIMITED, on Her Own Behalf and on Behalf of All Other Stockholders of Said Corporation Similarly Situated, and on Behalf of Said Corporation, Appellant, v. JOSEPH H. HIRSHHORN et al., Respondents, et al., Defendants.—

Plaintiff appeals from that part of an order which denies her motion for a discovery and inspection of certain books and records of defendant J. R. Timmins & Co. Order modified on the law and the facts by striking therefrom the first ordering paragraph and substituting therefor a provision granting the discovery and inspection as specified in plaintiff's notice of motion as to those books and records located in the State of New York. As so modified, the order, insofar as appealed from, is affirmed, without costs, and without prejudice to plaintiff's right, if any, to obtain a discovery and inspection of the Canadian records by appropriate proceedings in the Province of Ontario. The discovery and inspection granted herein shall proceed on ten days' notice. The instant motion does not furnish an appropriate occasion to pass upon plaintiff's right to bring a stockholder's derivative action, as the inadequacy of the complant is not evident upon its face and free from doubt. (Cf. *Wightman* v. *Wightman*, 173 App. Div. 701; *Moffat* v. *Phoenix Brewery Corp.*, 247 App. Div. 552, and *Murray* v. *Physical Culture Hotel*, 258 App. Div. 334.) Moreover, the complaint may be construed as pleading not only an alleged cause of action in plaintiff's representative capacity as a stockholder of the corporate defendant but also causes of action in the corporation's behalf as a third-party beneficiary of contracts between plaintiff and defendant Joseph H. Hirshhorn (cf. *Croker* v. *New York Trust Co.*, 245 N. Y. 17), as well as in plaintiff's behalf, individually, for breach of contract (cf. *General Rubber Co.* v. *Benedict*, 215 N. Y. 18). The discovery and inspection relates to the merits of the action and is necessary to enable plaintiff to establish her right to an accounting and to the other relief demanded. (Cf. *Bell* v. *Gilbert Paper Co.*, 117 Misc. 610, affd. 201 App. Div. 867; *Struckler* v. *Teitz*, 206 App. Div. 436; *Wertheim* v. *Grombecker*, 229 App. Div. 16.) However, since a discovery and inspection of the Canadian records presumably would be in violation of the Business Records Protection Act, 1947, of the Province of Ontario, plaintiff should seek such discovery by appropriate proceedings in that jurisdiction. Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.