In the Matter of the VILLAGE OF LAWRENCE, Appellant, Relative to Acquiring Title to Real Property in the Town of Hempstead, Nassau County, Known as HICKS BEACH, for Park and Recreational Purposes. HICKS DEVELOPMENT CORPORATION, Respondent.— Appeal by petitioner from an order denying its motion to take testimony by deposition of certain individuals and corporations, including respondent and its officers, directors and attorneys, and for a discovery and inspection of various books, papers and documents. The application was made principally to obtain proof in support of petitioner's claim that the parties had entered into an agreement, sufficient under the Statute of Frauds (Real Property Law, § 259), for the sale of real property known as Hicks Beach by respondent to petitioner. Order reversed, with $10 costs and disbursements, and motion granted, without costs, to the extent hereinafter mentioned, the examinations and discovery and inspections to proceed on ten days' notice. Item (y) of the proposed examination of Selig J. Levitan is disallowed. Item (h) in each of the proposed examinations of Donald H. Peters, Priscilla Magnus, Philip Godfrey, Eva G. Godfrey and Hicks Development Corporation, is modified by adding to the end thereof the words " relating to the proposed purchase and the terms thereof." Subdivision (4) of the item relating to discovery and inspection is modified by striking out the words " in any way relating to Hicks Beach " and substituting therefor the words " relating to the proposed purchase of Hicks Beach and the terms thereof." The examinations and inspections

should have been allowed to the extent indicated, as they relate to the alleged agreement for the purchase and sale of the real property involved and are material and necessary to the prosecution of petitioner's claim. (Cf. *Fried* v. *Acme Backing Corp.*, 269 App. Div. 844, and *Hirshhorn* v. *Hirshhorn,* 278 App. Div. 1006.) In our opinion, evidence of the terms of the proposed contract of sale and respondent's acceptance thereof would not be privileged communications between attorney and client within the purview of section 353 of the Civil Practice Act. (Cf. *Avery* v. *Lee,* 117 App. Div. 244; *Lifschitz* v. *O'Brien,* 143 App. Div. 180, and *Farber* v. *DeBruin,* 253 App. Div. 909.) If other matters, privileged under section 353, are attempted to be elicited, respondent may protect its rights by proper objection upon the examination or on trial. (Cf. *Bambauer* v. *Schleider,* 176 App. Div. 562, and *Farmers' Loan & Trust Co.* v. *Wagstaff,* 194 App. Div. 757.) The instant motion does not furnish an appropriate occasion to pass upon the sufficiency of petitioner's notice of claim. (Cf. *Hirshhorn* v. *Hirshhorn, supra,* and cases cited therein.) Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.