■ NORMAN OSTRIN, Plaintiff, v SYDELLE OSTRIN, Respondent, and ALAN P. ROSEFIELDE, Appellant. — In a matrimonial action, Alan P. Rosefielde, a nonparty witness, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Spatt, J.), dated July 20, 1981, as, upon denying defendant's motion to punish him for contempt, directed him to appear for a further examination before trial and to answer certain questions. Order affirmed insofar as appealed from, with $50 costs and disbursements. The examination shall proceed at the place designated in the order under review, at a time to be fixed in a written notice of not less than 10 days, to be given by

defendant, or at such other time and place as the parties may agree. A review of the record reveals that at his examination before trial, the plaintiff, whenever asked about various aspects of his finances, authorized counsel for the defendant to obtain the information from his attorney, Alan P. Rosefielde, the appellant herein. However, at the appellant's deposition, he refused, *inter alia,* to answer questions as to whether plaintiff has assets of any kind outside of the United States, and as to whether he has knowledge of any tax free income received by plaintiff. Special Term held that "it is clear that the plaintiff Norman Ostrin has waived any attorney-client privilege as to transactions between himself and attorney Rosefielde." We agree. A review of the record reveals that the plaintiff gave the defendant express authorization to examine Rosefielde as to all of plaintiff's financial transactions and to obtain all pertinent documents. At the very least, the questions involved on this appeal relate either directly or indirectly to matters concerning which the plaintiff has opened the door (see *Hamlin v Hamlin,* 224 App Div 168, 173). In any event, we hold that the matters under inquiry are not protected by the privilege. They merely concern information concerning the finances of the plaintiff and will not require disclosure of any confidential communications which arise in the context of an attorney-client relationship (see, e.g., *Matter of Levinsky,* 23 AD2d 25, 31; *Mutual Life Ins. Co. of N. Y. v Tailored Woman,* 276 App Div 144; *Matter of Circle Floor Co. v Siltan Corp.,* 36 Misc 2d 634). Appellant has failed to meet his burden of establishing that the information sought to be protected from disclosure was a "confidential communication" made to him by the plaintiff for the purpose of obtaining legal advice or services (see *Matter of Priest v Hennessy,* 51 NY2d 62, 68-69). Cohalan, J. P., Thompson and Bracken, JJ., concur.

O'Connor, J., dissents and votes to reverse the order insofar as appealed from, and to deny defendant's motion with respect to the questions in issue, with the following memorandum: Contrary to Special Term's determination, the excerpts of the examinations before trial of plaintiff and the nonparty witness appellant (plaintiff's tax attorney) reveal that plaintiff's repeated authorizations to defendant's attorney to obtain from appellant information contained in specific business and personal documents held by appellant did not amount to a general waiver of the attorney-client privilege (see CPLR 3101, subd [b]; 4503). The information which plaintiff agreed to have his attorney supply was not privileged because it was not intended to be confidential in relation to appellant's role as an attorney as distinguished from his other apparent roles as custodian, business advisor and agent (see *Colton v United States,* 306 F2d 633, cert den 371 US 951; *United States v Merrell,* 303 F Sup 490, 492-493; *Matter of Creekmore,* 1 NY2d 284, 296; *People v Belge,* 59 AD2d 307; *Matter of Levinsky,* 23 AD2d 25, 31; *Avery v Lee,* 117 App Div 244, 247-248; *Randy Int. v Automatic Compactor Corp.,* 97 Misc 2d 977; *Matter of Le Fever v Lefkowitz,* 18 Misc 2d 278, app dsmd 6 AD2d 998; *Rieser Co. v Loew's, Inc.,* 194 Misc 119). The mere fact that the plaintiff testified to his finances did not operate as a waiver of confidential conversations about that subject with his attorney (see *People v Lynch,* 23 NY2d 262, 271; *People v Marsh,* 59 AD2d 623; *People v Moore,* 42 AD2d 268, 271-272; *Hamlin v Hamlin,* 224 App Div 168, 172-173; *Rosentiel v Rosentiel,* 43 Misc 2d 462, 463-464, revd on other grounds 21 AD2d 635, affd 16 NY2d 64, cert den 384 US 971). Furthermore, on this record, defendant insufficiently challenged appellant's position that his knowledge of plaintiff's finances (apart from that contained in the disclosed books and papers) was obtained confidentially in his role as an attorney. Therefore, I vote to reverse the order insofar as appealed from.