MARGARETH SCHWARZ, Appellant, v. IDA SWEITZER, Respondent.

**Usury — when retention of part of loan by agent of lender, for his own benefit, constitutes usury.**

Where plaintiff loaned money to defendant through her son, who retained for himself twenty per cent of the sum borrowed with the knowledge of his mother, who subsequently collected six months' interest on the loan, and where in an action brought to recover the loan it does not appear that either the defendant or her broker, who secured the loan, knew that plaintiff's son was to retain the percentage for his own benefit, the defense of usury is tenable and a judgment of nonsuit against the plaintiff must be affirmed. (*Bliven* v. *Lydecker*, 130 N. Y. 102, followed.)

*Schwarz* v. *Sweitzer*, 134 App. Div. 939, affirmed.

(Submitted March 31, 1911; decided April 25, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 18, 1909, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herman S. Bachrach* for appellant. Usury must be proved by clear and satisfactory evidence and a preponderance of proof, and the evidence in this case at least raises a question of fact for the jury. (*Stillman* v. *North-*

*rup,* 109 N. Y. 473; *Flanagan* v. *Shaw,* 74 App. Div. 508; 174 N. Y. 530; *Bliss* v. *Sherill,* 52 App. Div. 613; *Rosenstein* v. *Fox,* 150 N. Y. 354.) Whether there was usurious intent under all the facts in this case was for the jury to determine. (*Davis* v. *Marvine,* 160 N. Y. 269.)

*Henry Hetkin* for respondent. Assuming that plaintiff was ignorant of the agreement made for her, the acceptance of the mortgage the next day with knowledge of its unlawful origin, was a ratification of the usurious contract and equivalent to prior authority to take it. (*Elwell* v. *Chamberlain,* 31 N. Y. 611; *Bliven* v. *Lydecker,* 130 N. Y. 102; *Hyatt* v. *Clark,* 118 N. Y. 563; *Braine* v. *Rosswog,* 13 App. Div. 249.)

HAIGHT, J. This action was brought to recover the sum of $960, claimed to have been loaned to the defendant, the payment of which had been secured by assignment of a mortgage upon real estate as collateral security for the loan. The defense was usury, the defendant alleging that but $800 was received by her for the loan.

The plaintiff was conducting a furniture business in the borough of Brooklyn, her son, John A. Schwarz, acting for her as manager, and authorized to sign checks as attorney. One Lipsky was acting for the defendant as broker. He called upon the plaintiff's son on or about August 23, 1907, and according to the testimony of the son the following took place: "The first time he came to me with a mortgage of $2,150 on Stockton street. He said he had it for sale and wanted to sell it less twenty per cent. I told him I had no money, and that I didn't consider the loan was good enough to approach my mother, and I didn't consider that I would want to give her that loan. Then he went away. A few days after that he came back to me. He said, Mr. Sweitzer, the owner of this mortgage, wanted a loan of $800, and he would give

this mortgage as collateral security. He wanted to know could I get the money for him. I told him I didn't know, but I asked him what was in it. He said the man was willing to pay twenty per cent — $160. I said then, he only wants $640.00, and he said, no, he wants $800, he wants a loan, really a loan of $960. So I said, well, you come back this afternoon, I will see my mother, and may be I can get her to make that loan. He came back in the afternoon. In the meantime I asked my mother; she said, yes, I will make that loan, and you can draw out the check, the money from the store. So when he came back in the afternoon I made the loan for my mother. I did not tell my mother anything about the twenty per cent or any bonus in it at that time. I told her the next day about the twenty per cent."

It further appears that the plaintiff's son drew his check as attorney upon the bank in which the business accounts were kept for $800 and passed the same over to the defendant; that subsequently his mother drew a check upon her individual account, by which the $800 was restored to the business account, and that at the end of the week the son paid to her the sum of $15 in lieu of the $175, which was the weekly amount which she drew from the business for household expenses, the son retaining for his own use the remainder of the $175, which was the $160 bonus paid upon the making of the loan. The interest upon the loan was paid for the first six months, after which the defendant defaulted, and subsequently this action was brought.

It thus appears that on the next day the mother was advised about the $160 that was retained by her son, and that subsequently she collected the interest on the loan for the first six months as it matured. It nowhere appears from the evidence that the defendant or her broker in procuring the loan knew that the son of the plaintiff was to retain the $160 for his own benefit. We, are, therefore, of the opinion that this case was brought within the prin-

ciples decided in the case of *Bliven* v. *Lydecker* (130 N. Y.
102), and that consequently the judgment should be
affirmed, with costs.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, CHASE and
COLLIN, JJ., concur; VANN, J., not voting.

Judgment affirmed.