ROBERTSON v. MERWIN (two cases).

(Supreme Court, Appellate Division, Second Department. January 24, 1913.)

1. USURY (§ 53*)—USURIOUS CONTRACT.
    A transaction by which one makes a loan and receives a note for the full amount, but delivers only part of the money, retaining the balance as compensation for pretended services, this being but a trick and device for obtaining usurious compensation for the loan, makes the note usurious.
    [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 91, 114–118; Dec. Dig. § 53.*
    For other definitions, see Words and Phrases, vol. 8, pp. 7246–7249.]

2. USURY (§ 85*)—PERSONS AFFECTED BY USURY.
    A transaction by which P., one of the three owners of a fund, acting for all, makes a loan therefrom, pays over only part of the amount, for which he takes a note, running to M., one of the other owners, retaining the balance on a pretended claim of personal services for the borrower, but never drawing it from the fund, makes the note usurious as to all; it being a case in which he was not acting as mere agent for another, but as one of the principals, for the benefit of all in a joint enterprise, so that his knowledge would be that of all.
    [Ed. Note.—For other cases, see Usury, Cent. Dig. § 186; Dec. Dig. § 85.*]

    Thomas, J., dissenting in part.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Two actions by Margaret Robertson against George P. Merwin. From judgments for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-. WARD, and RICH, JJ.

J. Stewart Ross, of Brooklyn, for appellant.

Sarah Stephenson, of Brooklyn (Arthur Garfield Hays, of New York City, of counsel), for respondent.

CARR, J. These are appeals from two separate judgments in two distinct actions, but which were tried together as one. In their main features the pleadings are the same, and the testimony in each action is entirely the same, and both cases were decided upon the same theory by the trial court. The actions were brought in equity to cancel and set aside certain bonds and mortgages made by the plaintiff in favor of the defendant. In each complaint there were three separate causes of action set forth; but the evidence given at the trial was confined to only one of the three causes of action, and the findings made by the trial court are likewise so confined. As the cases were tried and decided, the actions assumed the form of one to set aside the bonds and mortgages as usurious.

[1] As to action No. 1, it appeared that the plaintiff, on the 16th day of November, 1908, made and delivered her bond and mortgage to the defendant, in which she agreed to pay to the defendant the sum of $2,100 on the 15th day of May, 1909, with interest thereon at the rate of 6 per cent., to be paid on the maturity of the bond and mortgage. The trial court found that said bond and mortgage were given by the plaintiff to the defendant to secure to the defendant the sum of $1,509.75, which had been advanced by the defendant on account of the plaintiff, together with a bonus of $590.25, for the use and forbearance of the moneys so paid by the defendant for the account of the plaintiff. It appeared on the trial that, at the time of the execution and delivery of the bond and mortgage in question, the plaintiff was engaged in erecting a building on some real estate owned by her, and that the building contractor was a corporation known as the Henry Kroeger Building Construction Company. She was represented in this transaction by one Holywell, a lawyer who had an office at 44 Court street, Brooklyn, N. Y. One F. A. Peavey shared the office with Holywell. Peavey was not a lawyer. Peavey's mother, Mrs. Peavey, and his sister, Mrs. Merwin, together with himself, had a trust account of moneys on deposit in the name of Peavey and Holywell, as trustees. It was held subject to check drawn by both Peavey and Holywell. Whatever moneys were paid to or advanced on account of this mortgage came from this trust fund. It was the course of business of Peavey to take all securities represented by loans from this trust fund in the name of Mrs. Merwin. When this particular bond and mortgage was closed, Peavey gave to Mrs. Robertson the sum of $50 in cash. He had previously loaned to the Kroeger Construction Company, on account of himself and his joint venturers, the net sum of $1,509.75, and according to his statement had taken from that corporation orders on Mrs. Robertson for the payment of $1,-

677.50; the difference between the sums advanced and the amount for which orders were taken being retained by him as a discount on the loans. These orders were never surrendered to Mrs. Robertson, but, on the contrary, were returned, as Peavey says, to the Kroeger Construction Company, when the bond and mortgage were executed. These loans were not made with special relation to the work being done for Mrs. Robertson, and at the time they were made no payments were due from her to the Kroeger Company.

He attempted further to justify his retention of the balance on the claim that $359 was retained by him for searching fees and for services which he had rendered Mrs. Robertson in another matter. He claimed that he had searched the title himself, although he was not a lawyer. After satisfying the amount of the charge which he claims to have set aside for the searching fees, there would be still a balance of some $300 remaining, and this amount he claimed to have retained in payment of services rendered by him in a previous attempt by him to negotiate a first mortgage on the property of Mrs. Robertson, under her direction. He admitted that there was no prior agreement between him and Mrs. Robertson for compensation for an unsuccessful attempt to negotiate a first mortgage, and that he had never rendered a statement to Mrs. Robertson of the amount which he had retained under her mortgage to Mrs. Merwin, in compensation for these alleged services. According to his own story, he exacted from Mrs. Robertson as a condition of the loan payment of a claim as to which she had no legal obligation of payment. It appeared that up to the time of the trial, which took place on January 16, 1912, Peavey had never drawn out of the trust account any part of the moneys which he retained from Mrs. Robertson when the bond and mortgage was executed and delivered. The learned trial court found practically that the retention of these moneys by Peavey for his alleged services was but a trick and device for the purpose of procuring a usurious consideration on the making of the loan to Mrs. Robertson. The evidence justified such an inference, and there is no good reason to disturb the judgment on the facts.

[2] The appellant claims, however, that, even though Peavey, while acting for the defendant, made an agreement which, if the defendant had known of and authorized, should have rendered the bond and mortgage void as usurious, yet it was not shown that the defendant had any knowledge of or in any way ratified the acts of Peavey, in so far as he attempted to extort from the borrower an illegal consideration. A number of authorities are cited to the effect that a principal, making a loan through an agent, cannot be charged with usury because the agent extorts for his own use and purpose what would be otherwise an illegal consideration, unless the principal either had knowledge of or subsequently ratified the act of the agent. That such is the law under proper circumstances there is no question here; but in this case it appears that the moneys put out by Peavey belonged to three persons, his mother, the defendant, his sister, and himself, and that the bond and mortgage, though taken in the name of the defendant, his sister, were so taken pursuant to a practice that all investments

made from said trust fund were to be secured by instruments running to his sister, Mrs. Merwin. In the bond and mortgage Mrs. Merwin is described as "George P. Merwin." She is likewise so described in the pleadings and is so named even in the minutes of the trial. Why a woman should be described in legal instruments with a masculine name is rather mysterious.

It seems to me that this is not a simple case of an agent, without the knowledge or ratification of his principal, extorting a consideration for his own benefit and account, which, if extorted for the account of his principal, would be usurious, but one in which Peavey was acting, not as a mere agent for the benefit of another, but as one of three principals, for the benefit of all three in a joint enterprise. Under these circumstances, the knowledge of Peavey would be the knowledge of all three, and what would bind Peavey as a principal would bind the others also, on the same theory.

As to the second mortgage, and likewise the second judgment, it appears that the plaintiff gave to the defendant, 'through Peavey, her bond and mortgage for the sum of $265, and that out of the same trust fund Peavey paid on account of the plaintiff the sum of $210.84, leaving a balance of $54.16. On the recording of the bond and mortgage secured by this loan, the sum of $1.50 was paid as recording fees. Peavey claims that the balance was retained by him for services in searching the same title as that which was covered by the other mortgage. This second mortgage was likewise taken in the name of the defendant Mrs. Merwin, according to the usual course of business, and Peavey left undrawn in the trust fund the amount which he claims to have retained for his services in searching the title. Here, again, the court found the giving of a bonus amounting to the difference between the sum actually advanced and the amount of the security. If the evidence would justify this finding of fact, then, of course, the judgment is unassailable. The evidence does justify the finding. It seems to me apparent that Mrs. Robertson was defenseless in the hands of Peavey, and was choused accordingly, and that usury was the purpose of Peavey, and the explanations offered by him a mere cloak to such purpose.

The judgment in both cases should therefore be affirmed, with costs.

JENKS, P. J., and WOODWARD and RICH, JJ., concur. THOMAS, J., votes to affirm, in so far as the interest of Peavey, defendant's brother, is concerned.