SIMON W. FARBER, Respondent, v. GEORGIANA E. DEBRUIN, Appellant and Others, Defendants.— In a foreclosure action in which the defense was usury, a motion by plaintiff for summary judgment was granted and the appealing defendant's cross-motion for an examination of the plaintiff's attorney and agent, who handled the entire transaction, was denied. Order reversed on the law and the facts, with ten dollars costs and disbursements, motion for summary judgment denied, with ten dollars costs, and motion for examination granted, with ten dollars costs, and the matter of the examination remitted to Special Term to settle the subjects of the examination and to fix a date for such examination. The appealing defendant has leave to serve an amended answer within ten days from the entry of the order if so advised. There is a claim that usury was exacted at the time of the original mortgage and the mortgagors have not been joined as parties defendant. Subsequently the appellant became owner of the property and later obtained two extensions of the mortgage, in which extensions it was provided that she became liable for the mortgage debt. It is admitted that on those occasions she paid a sum exacted of her either as a bonus, as she claims, or to cover the fees of the attorney and a broker, as the plaintiff claims, who also claims that he did not receive any part thereof. This transaction may or may not have been a subterfuge, cover or device for exacting a bonus from the appellant, constituting usury. Whether it was or not is a question of fact, depending upon the intent of the parties; and the court at Special Term was not authorized to grant summary judgment on the affidavits of interested witnesses who gave a different version of the transaction than did the appellant. (*Silverstein* v. *Taubenkimmel*, 209 App. Div. 710; *Schwarz* v. *Sweitzer*, 202 N. Y. 8; *Hartley* v. *Eagle Insurance Co.*, 222 id. 178.) Likewise, whether or not the plaintiff had knowledge of or participated in the exactions is a question of fact which may be determined only on a trial, where the interested witnesses may be cross-examined. The entire transaction was handled by one Burston, acting as agent and attorney for the plaintiff, and such special circumstances exist making his testimony material

and necessary to the appealing defendant, who carries the burden of proof of establishing the usurious transaction. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.