JOHN J. GALLAGHER, Plaintiff, *v.* AKOFF REALTY CORP., Defendant.

Supreme Court, Special Term, Queens County, February 6, 1950.

*McAdam & De Vito* for plaintiff.

*John M. Duffy* for defendant.

DALY, J. Motion by the plaintiff to examine the defendant before trial as an adverse party, through a named agent, in an action by a real estate broker to recover commissions alleged to be due him from the defendant.

It appears that in November, 1947, the defendant was examined before trial by an officer who was not very familiar with the facts. The person now sought to be examined in behalf of the corporation, as an agent thereof, was the defendant's attorney who, it is claimed, conducted the major part of the negotiations. For that reason it is contended that said alleged agent is a proper person for examination before trial in behalf of the defendant.

This application is resisted upon the ground that said alleged agent no longer serves in that capacity, and, consequently, the corporation cannot be examined through him (*McGowan* v. *Eastman,* 271 N. Y. 195). It is further contended that the " attorney-client " privilege precludes the examination herein sought.

The motion is denied solely on the ground that a corporation cannot be examined by a former agent or employee. This disposition is without prejudice to an application to examine said former " agent " as a witness upon a showing rendering it proper to permit such examination as provided in section 288 of the Civil Practice Act. It has been held that an attorney, who acts as an agent for a party, may be examined as a witness (*Farber* v. *DeBruin,* 253 App. Div. 909). Matters dealing with an attorney's representation of a party and his authorization to act for the latter do not come within the " attorney-client " privilege (*People ex rel. Vogelstein* v. *Warden of N. Y. County Jail,* 150 Misc. 714, 717, affd. 242 App. Div. 611). Thus, where it is shown that a lawyer acted for his client in a dual capacity, that is, both professionally and as a negotiator seeking to bring about an agreement in consummating a transaction, the rules applicable to agents govern his actions as negotiator. The " attorney-client " privilege, it has been stated, " may not be invoked to sanctify communications made * * * in another capacity " (*Myles E. Rieser Co.* v. *Loew's Inc.,* 194 Misc. 119).

The motion is, accordingly, denied without prejudice as aforesaid.