■ In the Matter of WALLACE & DOYLE MOTORS, INC., Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act, to annul a determination of the respondent Commissioner of Motor Vehicles, made September 17, 1962 after a hearing, which, *inter alia*, suspended for 10 days petitioner's certificate of registration as an automobile dealer on the ground of its fraudulent practices in the sale of a secondhand motor vehicle (Vehicle and Traffic Law, § 415, subd. 9, par. d). By order of the Supreme Court, Kings County, made October 4, 1962 pursuant to statute (Civ. Prac. Act, § 1296), the proceeding has been transferred to this court for disposition. Determination confirmed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ S. S. KRESGE COMPANY, Appellant, v. ADAM BAYER, INC., et al., Respondents.— In an action between the plaintiff tenant and the defendant landlords to declare the rights of the parties with respect to certain business space in Queens County, as affected by plaintiff's claim that certain prior leases had been renewed and extended for a 15-year term expiring on November 30, 1973, plaintiff appeals from an order of the Supreme Court, Queens County, entered April 18, 1962, which: (a) in effect denied its motion for an unlimited pretrial examination of defendants' former attorney, Henry Koch, Esq., as a witness, with respect to the issues raised by the pleadings, and for the production upon such examination of all books, papers and records relating to the matters in issue, to be used for the purposes authorized by section 296 of the Civil Practice Act; (b) granted, instead, a pretrial examination limited to the sole issue of "whether or not Henry Koch, Esq. had written authority from the defendants to negotiate with the plaintiff concerning the lease which is the basis of the instant action"; and (c) limited accordingly the production of the books, records and papers to be used on such examination. Order reversed, with $10 costs and disbursements, and plaintiff's motion granted *in toto*. The examination shall proceed and the books, papers and records specified in the notice of motion shall be produced on 20 days' written notice or on such other date and place as may be mutually fixed by the parties. It appears that in a prior deposition the president of the defendant corporations had denied that the witness (an attorney who had represented said corporations for 30 years with respect to previous leasehold arrangements with plaintiff) had written authority to make any offer of renewal and extension of plaintiff's lease. Under such circumstances, it is our opinion that the plaintiff's application for a pretrial examination showed sufficient special circumstances to warrant a broad rather than limited examination of such witness (*Gallagher* v. *Akoff Realty Corp.*, 197 Misc. 460). In view of the fact that the witness' letter, dated May 13, 1958, stated that he was "authorized" by the defendants' president to offer a 15-year lease upon stated terms, the plaintiff is entitled to pursue all facets of the circumstances in any way relating to or bearing upon such statement. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.