Shirley Wohl Kram, J.
The respondent, an attorney, and his present wife, a witness in this proceeding make a claim of attorney-client privilege in an unusual situation. The witness is a lawyer too, and is an associate in her husband’s law firm. Their testimony indicates their firm has represented a client for several years under an arrangement whereby the respondent regularly paid three monthly obligations on behalf of this client, in three separate checks totaling $460 monthly. They further state that these checks were payable to the same three payees each month, and that said payees were not individuals. Their arrangement with the client is for the checks to be drawn on respondent’s personal checking account or the joint account of the parties. The client, it was alleged, insisted that the checks were not to be drawn on the firm bank .account nor an escrow account. The arrangement further was that payment was in cash to the respondent, which moneys he then either deposited in his personal account or simply used for personal expenditures. The respondent has had this arrangement since approximately 1970 and the witness testifies that for the past 11 months she has undertaken this same arrangement with this client because the respondent was too busy. The claim of privilege is made as to the name of the client and as to the payee of the checks in question. The total sum of the checks involved is approximately $12,800.
Since the claim of such privilege results in the exclusion of evidence, it runs counter to the view that fullest disclosure of facts will best reveal the truth. Since the policy of full disclosure is more fundamental, the claim of privilege should be strictly limited to the purposes for which it exists.
The name and address of a client are not usually given in confidence, and are therefore not privileged. In People ex rel. Vogelstein v. Warden of County Jail of County of N. Y. (150 Misc. *4 714, affd. 242 App. Div. 611), the court held that the fact of the client’s existence was the basic element giving rise to the privilege; consequently, the privilege could not be asserted until that fact had been fully ascertained. Otherwise, no lawyer could ever be questioned as to any fact since he could always claim that he had learned it from a client whose very existence he need not show. Disclosure is necessary if confidence in the Bar and in the administration of justice is to be maintained.
The relatively recent opinion cited by attorney for the witness in Matter of Kaplan (Blumenfeld) (8 N Y 2d 214) is not applicable here. In the Kaplan case, the client gave his attorney information that some public officials were involved in wrongdoing. The attorney transmitted this information and thereafter was ordered to reveal the name of the client. The Court of Appeals upheld the attorney’s right to keep his client’s name secret, stating that the unusual circumstances warranted this exception to the general rule. The court stated that the client’s communication had already been divulged and it was the client’s name that deserved and required protection. Since there was no reason to doubt the informant was a client of appellant, it was unnecessary to investigate the relationship. Further, the Court of Appeals in Kaplan indicated the Vogelstein decision (supra) was sound.
In United States v. Lee (107 F. 702, 704) a defendant on bail disappeared. It appeared that the attorney was not retained by the defendant but by another individual acting on his behalf. The court held that counsel would be compelled to disclose the name of this person, stating, “ The Court has a right to know that the client whose secret is treasured is actual flesh and blood, and demand his identification, for the purpose, at least, of testing the statement which has been made by the attorney who places before him the shield of this privilege. ’ ’
This court is of the opinion that the unique facts and circumstances of this case require the test of frank response to questions regarding the identity and existence of this client. Secondly, it is questionable to the court whether this respondent or Ms associate, the witness, were acting as attorneys under the circumstances they both described in their respective testimony. This is apparently an agency rather than an attorney-client relationship. It appears that it was not legal advice that was being sought but rather management of a client’s property or acting as a depository of such property. These are not the professional functions of an attorney, but that of an agent. (Matter of Howe v. Stuart, 68 Misc. 352.) Furthermore, it has *5 been held that one who acts as an agent for a party may be examined as a witness. (Farber v. DeBruin, 253 App. Div. 909; Gallagher v. Akoff Realty Corp., 197 Misc. 460.)
It is the further conclusion of this court that the attorney-client privilege may not be invoked to sanctify communications in another capacity (see Reiser Co. v. Loew’s, Inc., 194 Misc. 119). In this case the attorneys acted in a dual capacity as both attorneys and negotiators. The information sought to be excluded was acquired while they acted in such dual capacity. The privilege was limited to communications made to them, or advice given only within the scope of their professional employment. Although they acted as attorney and negotiator at the same time, the court held that in this latter capacity they were bound by the rules of evidence applicable to agents. It would appear in the instant case the respondent and his present wife acted as agents and the attorney-client relationship may not be invoked to sanctify acts performed in another capacity which is nonprofessional in nature.
The respondent and the witness are ordered to answer questions put to them regarding the name and identity of the client in question, as well as to produce canceled checks for the aforementioned monthly payments made on behalf of this client. The respondent and the witness have these checks in their possession and have so advised the court.