■ PETER RUMBAUT et al., Appellants, v GUY W. REINHART et al., Respondents. [628 NYS2d 756] —In an action to foreclose a mortgage, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 2, 1994, which granted the defendants' motion for summary judgment dismissing the complaint and discharging the mortgage on the

ground of usury, and denied the plaintiffs' cross motion for summary judgment in their favor, and (2) a judgment of the same court, entered June 21, 1994, which, upon the order granting summary judgment to the defendants, *inter alia,* dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, that part of the order which granted the defendants' motion is vacated, the motion is denied, and the complaint is reinstated; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

In this action to foreclose a mortgage, the defendant borrowers asserted a usury defense, alleging that the mortgage broker, who retained a broker's fee, was acting as agent for the plaintiff lenders such that the fee should be deemed interest, thereby increasing the interest rate above the maximum legal rate *(see, Schwarz v Sweitzer,* 202 NY 8; *Robertson v Merwin,* 154 App Div 723). While this may be a valid defense, whether a commission is a cover for usury is a factual issue which must be demonstrated by clear and convincing evidence *(see, Hammelburger v Foursome Inn Corp.,* 54 NY2d 580, 594-595; *Feinberg v Old Vestal Rd. Assocs.,* 157 AD2d 1002, 1004). Contrary to the conclusions of the Supreme Court, issues of fact exist as to whether the broker was acting as the agent of the lenders, and whether the lenders were aware that the broker retained a fee *(see,* 72 NY Jur 2d, Interest and Usury, §§ 117, 118). We also disagree with the Supreme Court's conclusion that the mortgage note is usurious on its face *(see, Freitas v Geddes Sav. & Loan Assn.,* 63 NY2d 254, 262).

We have considered the parties' remaining contentions and find them without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.